# 12-3647

## UNITED STATES COURTS OF APPEALS
## FOR THE SECOND CIRCUIT
_____

**Karl Paul Vossbrinck,**
**Plaintiff - Appellant,**
**v.**

**Accredited Home Lenders, Inc., (Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the Holders of the Accredited Mortgage Loan Trust Asset Backed Notes, Substituted Plaintiff),**

**Defendant - Appellee,**

**Deutsche Bank National Trust Company, As Indenture Trustee on Behalf of the Holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes,**

**Consolidated Defendant - Appellee.**
_____

**On Appeal from the United States District Court**
**for the District of Connecticut**
**Senior United States District Judge Presiding**
_____

**Opening Brief of Plaintiff-Appellant Karl Paul Vossbrinck**
_____

**ROBERT S. CATZ**
**National Foreclosure Defense**
**Law Project**
**1600-28th Street, N.W.**
**Washington, D.C. 20007**
**(202) 657-4772**

**Counsel for Plaintiff-Appellant**

Page 1

# **TABLE OF CONTENTS**

Page(s)

Table of Contents ............................................................2

Table of Authorities.........................................................3

Statutes ...........................................................................5

Rules................................................................................5

Standard of Appellate Review..........................................6

Subject Matter Jurisdiction and Appellate Jurisdiction .......7

Statement of Issues Presented For Review .......................7

Statement of The Case ......................................................8

Statement of The Facts.....................................................9

Summary of The Argument..............................................13

Argument.........................................................................14

Conclusion ......................................................................24

Statement Regarding Oral Argument...............................25

Certificate of Compliance ...............................................25

Certificate of Service ......................................................26

## **TABLE OF AUTHORITIES**

4901 Corp. v. Town of Cicero, 220 F.3d 522 (7th Cir. 2000) ...................... 16, 21

Ashcroft v. Iqbal, 556 U.S. 662 (2009) .................................................6

Bank Natl. Assn. v. Kimball, 27 A.3d 108  (Vt. 2011) ........................ 3, 4, 18, 19

Burley v. Douglas, 26 So.3d 1013, 1019 (Miss.2009) ....................................... 19

Catz v. Chalker, 142 F.3d 279 (6th Cir.1998) .................................................... 16

Deutsche Bank Natl. Trust v. Brumbaugh, 270 P.3d 15 (Okl.2012) ................. 18

D.C. Court of Appeals v. Feldman, 460 U.S. 462 (1983)……………………..14

Eberharrdt  v Intergraded Design & Constr, 167 F.3d 861(4th Cir.2005) ... 15, 20

Export Group v Reef Industries, 54 F.3d 1466 (9th Cir. 1995) ............................6

Exxon-Mobil Corp v. Saudi Basic Industries Corp., 544 U.S. 280(2005) passim

Graziadei v. Graziadei, 32 F.3d 140 (9th Cir. 1994) ........................................ 22

Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77 (2d Cir. 2005) ...............6

Johnson v. Smithsonian Inst., 189 F.3d 180  (2d Cir. 1999) ........................ 15, 20

Jordan v Gilligan, 500 F.2d 704 (6th Cir.1974) ................................................. 22

Kougasian v. TMSL359 F.3d 113 (9th Cir. 2004) ............................................... 16

Kropelnicki v. Siegel, 290 F.3d 118 (2d Cir. 2002) ..................................... 15, 20

Lewis v. East Feliciana Parish Board, 820 F. 2d 14  (5th Cir. 1987) ........... 16, 21

Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992) ........................................ 18

McKay v. Pfeil, 827 F. 2d 540  (9th 1987) ................................................... 16, 21

McKithen v. Brown, 626 F.3d 143 (2d Cir. 2010) .......................................... 6, 8

McLean v. JP Morgan Chase Bank Natl. Assn.,79 So.3d 170 (Fla.App.2012) . 19

Mtge. Electronic Registration Sys.,  v. Saunders, 32 A.3d 287 (Maine 2010).. 15

Nw. Fuel Co. v. Brock, 139 U.S. 216 (1891)....................................................... 22

RMS Residential Properties v Miller, 32 A.3d 307 (Conn. 2011)............... 17,18

Rooker v. Fidelity Trust Co., 263 U.S. 413(1923)............................................. 14

Schwartz v. United States, 976 F.2d 214 (4th Cir.1992).............................. 15, 20

Thomas Gonzale. v. Consejo Nacional, 614 F.2d 1247 (9th Cir. 1980) ........... 21

Tomlin v. McDaniel, 865 F.2d 209 (9th Cir. 1987)............................................. 21

United States U.S. Currency, 16 F.3d 1051 (9th Cir. 1994) .............................. 22

United States v 87 Skyline Terrace, 26 F.3d 823 (9th Cir. 1994) ..................... 23

Vander Zee v. Karabatsos, 683 F.2d  832 (4th Cir.1982)................................... 23

Vossbrinck v. Accredited Home Lenders, Inc. et al, No. CV-125016343-S .........7

Wages v. IRS, 915 F.2d 1230 (9th Cir.1990) ..................................................... 23

Warth v. Seldin, 422 U.S. 490(1975) ................................................................. 18

Washington v. Wilmore, 407 F.3d 274 (4th Cir. 2005) .......................... 15, 16, 20

Watts v. Pinkney, 752 F.2d 406 (9th Cir. 1985) ........................................... 21, 22

Wendt v Lenard, 431 F.3d 410(4th Cir. 2005) ............................................. 15, 20

Wetmore v. Karrack, 205 U.S. 141 (1907) ........................................................ 21

Windsor v. McVeigh, 93 U.S. 274(1876)............................................................ 21

Zee v. Karabatsos, 683 F.2d 832 (4th Cir.1982) ................................................ 22

## STATUTES

28 U.S.C 1332 (diversity of citizenship) ............................................................7

28 U.S.C. 1291(appeal from a final judgment entered by the District Court)......7

28 U.S.C.  § 1257 ............................................................................................ 14

## COMMENTARY

Vol.11, Wright & Miller, Federal Practice and Procedure

@ 198, 200(1973 ed.) ........................................................................................ 21

## RULES

None Listed

## STANDARD OF APPELLATE REVIEW

The decision to declare a final judgment void is reviewed *de novo* as a matter of law . *Export Group v Reef Industries*, 54 F.3d 1466, 1469 (9th Cir. 1995).

This Court reviews *de novo* as a matter of law dismissal of an action on *Rooker-Feldman* grounds. Dismissal under the *Rooker-Feldman* doctrine is reviewed *de novo* as a matter of law. *Hoblock v. Albany Cnty. Bd. of Elections,* 422 F.3d 77, 83 (2d Cir. 2005).

This Court reviews de novo as matter of law the deprivation of procedural due process rights are analyzed using a two-part test *de novo* as a matter of law: whether Plaintiff-Appellant was denied a federally protected cognizable liberty or property interest under state or federal law and, if so, whether the process due under the United States Constitution was afforded in summary foreclosure proceedings before the Connecticut Superior Court. *McKithen v. Brown,* 626 F.3d 143, 151 (2d Cir. 2010).

This Court reviews *de novo* as a matter of law dismissal of an action for failure to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).

## STATEMENT OF SUBJECT MATTER
## AND APPELLATE JURISDICTION

The District Court had subject matter jurisdiction under 28 U.S.C 1332 (diversity of citizenship).

This Court has subject matter jurisdiction under 28 U.S.C. 1291(appeal from a final judgment entered by the District Court).

The final judgment of dismissal was entered by the District Court on October 19, 2012. A timely notice of appeal was filed on November 8, 2012.

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

1. Whether the so called Rooker-Feldman doctrine bars an original, separate and independent action in the nature of a common law bill of equity collaterally attacking a final judgment of foreclosure as void entered by the Connecticut Superior Court in *Vossbrinck v. Accredited Home Lenders, Inc.* et al, No. CV-125016343-S as wanting in subject matter jurisdiction for lack of standing, as wanting in due process and for fraud upon the rendering court committed by the attorneys representing Accredited Home Lenders and Deutsche Bank National Trust Company.

2. Whether the Defendants-Appellees had standing to commence a foreclosure action in the Connecticut Superior Court at a time when they were not the real party of interest since they were not yet assigned the mortgage and note

until 74 days after the action was filed.

3. Whether the Connecticut Superior Court's Final Judgment of Foreclosure is Void for Want of Standing by the Banks and for Fraud Upon the Rendering Court.

4. Whether the Plaintiff-Appellant, on the state of the record before the Court is entitled to equitable restitution and restoration of his real property under color of a void Connecticut foreclosure judgment entered without subject matter jurisdiction for want of standing by the court.

5. Whether a cognizable liberty or property interest exists under state or federal law and, if so, (2) whether the process due under the United States Constitution was afforded. *McKithen v. Brown,* 626 F.3d 143, 151 (2d Cir. 2010).

## <u>STATEMENT OF THE CASE</u>

This is an appeal of a final judgment entered by Judge Eginton of the Connecticut District Court (app - p.64) dismissing Plaintiff-Appellant's federal complaint on grounds that the Rooker-Feldman denies the District Court subject matter to hear Plaintiff-Appellant's collateral attack on a final State Court judgment of Foreclosure acquired by Defendants-Appellees as well as for fraud upon the Court for willful failure by the Banks attorneys to disclose to the rendering court that the banks did not possess the note and mortgage at the time they filed the foreclosure complaint and took judgment on the Connecticut foreclosure action

## <u>STATEMENT OF THE FACTS</u>

On December 17, 2007 Defendant-Appellee Accredited Home Lenders, Inc. commenced a suit in the Connecticut Superior Court against Plaintiff Vossbrinck to foreclose Plaintiff Vossbrinck's property. In that action Defendant Accredited home lenders claimed "*to be the holder of said note and mortgage*." This statement is false and a willful misrepresentation of material facts. (Appendix Page 10) The note and mortgage was initially assigned to MERS (Mortgage Electronic Registration Systems) and not Defendant Accredited Home Lenders, Inc. MERS did not assign the title to Accredited Home Lenders, Inc. until February 28 , 2008, 74 days after foreclosure against Plaintiff Vossbrinck had begun. In addition that same assignment from MERS to Accredited Home Lenders, Inc. was not recorded in the land records in Southbury, Connecticut until April 7, 2008, a full 110 days after Defendant Accredited Home Lenders initiated foreclosure against Plaintiff Vossbrinck.

On December 17, 2007 counsel for Defendant-Appellee filed a <u>Lis Pendens Lien</u> against the Plaintiff. The Lien Defendant states *"Said mortgage was assigned to Accredited Home Lenders, Inc. by virtue of an assignment of Mortgage to be recorded on the Southbury Land Records."* This statement is false and a willful misrepresentation of material facts by the attorneys representing Accredited Home Lenders and constitutes a fraud upon the Connecticut Superior Court because the

note and mortgage were assigned to MERS and not Defendant-Appellee Accredited Home Lenders, Inc. (Appendix Page 17)

On February 28, 2008 MERS (Mortgage Electronic Registration Systems) filed an <u>Assignment Of Mortgage</u> to Defendant Accredited Home Lenders, Inc. thereby assigning any interest that they had in the aforementioned Note and Mortgage to Defendant, 74 days after the commencement of an action against Plaintiff-Appellant Vossbrinck. In addition that same assignment from MERS to Accredited Home Lenders, Inc. was not recorded in the land records in Southbury, Connecticut until April 7, 2008, a full 110 days after Defendant Accredited Home Lenders initiated foreclosure against Plaintiff Vossbrinck. (Appendix Page 18)

On July 19, 2010 Defendant-Appellee Accredited Home Mortgage filed an <u>Affidavit of Facts</u>. Said affidavit of facts was written by and attested to by Troy Noble, document control officer for the servicing agency Select Portfolio Servicing. Select Portfolio Servicing is the agency that services the Accredited Home Mortgage Trust 2005-4, the trust which allegedly contains Plaintiff-Appellant Vossbrinck's note and mortgage. In the affidavit of facts Troy Noble writes *"Said Mortgage was thereafter assigned to Accredited Home Lenders, Inc. by virtue of an assignment of mortgage recorded in Volume 544 at Page 202 of the Southbury Land Records."* That assignment occurred 74 days after the foreclosure action commenced against Plaintiff-Appellant Vossbrinck. (Appendix Page 19)

In March 2012 Plaintiff Vossbrinck became aware of the aforementioned disparity between the commencement of foreclosure action against him and the lack of standing to do so.

On March 9, 2012 Plaintiff-Appellant Vossbrinck then filed a <u>Motion To Set Aside Judgment Of Strict Foreclosure</u> in Connecticut Superior Court. (Appendix Page 25) That motion was heard by the Honorable Mark Taylor on March 16, 2012 and during the process Judge Taylor, became visibly upset upon learning that the Defendant-Accredited Home Lenders, Inc. foreclosed Plaintiff Vossbrinck without the right to do so. Judge Taylor states, among many things, "*Because I don't want to have a case that goes up on appeal, and subject matter jurisdiction, my understanding is it can be brought up even on an appeal. If you don't have jurisdiction, you don't have jurisdiction.*" Counsel for the Defendant, Geraldine Cheverko, pointed out to the judge that title to the Plaintiff's property had become absolutely vested in Defendant Bank. At that time Judge Taylor withheld decision pending further review.

The next day on March 27, 2012 Judge Mark Taylor issued a memorandum denying Plaintiff-Appellant's Motion and Request to Set Aside Judgment of Strict Foreclosure. In his memorandum of decision Judge Taylor writes "*Therefore, even where the mortgagee's alleged conduct may be outrageous and unconscionable the only relief that can be obtained by the plaintiffs is through the*

*medium of an independent action."* (Appendix Page 27)

Five days later, on April 2, 2012, in the Connecticut Superior Court, Plaintiff-Appellant Vossbrinck filed a separate and independent action lawsuit against Accredited Home Lenders because they were not in possession of Plaintiff Vossbrinck's Note, Mortgage or Title when they commenced foreclosure proceedings against him. (Appendix Page 28)

On April 27, 2012 Accredited Home Lenders, Inc. filed a <u>Petition for Removal</u> in order to remove Plaintiff-Appellant Vossbrinck's Superior Court lawsuit to federal court based upon diversity of citizenship and an excess of $75,000 in controversy under 28 U.S.C. 1332.  In that very document, counsel for the Defendant-Appellee writes *"During the foreclosure action, the note and mortgage was thereafter assigned to Accredited by Assignment Of Mortgage."* Within that document the Defendant-Appellee clearly indicates that Accredited WAS NOT the holder of the note and mortgage at the time the foreclosure action was filed.  That <u>Motion to Remove</u> was granted by District Judge Warren W. Eginton and assigned docket number 12-00637. (Appendix Page 33)

On June 28, 2012 Accredited Home Lenders filed a <u>Motion to Combine</u> Plaintiff-Appellant Vossbrinck's two cases, docket 11-01312 and docket 12-00637. That motion was granted in the District Court. (Appendix Page 43)

On July 24, 2012 Plaintiff-Appellant Vossbrinck filed a <u>Motion to Remand</u>

requesting that Plaintiff-Appellant Vossbrinck's suit against Defendant Accredited Home Lenders be remanded back to the Connecticut Superior Court from whence it came. (Appendix Page 48)

On August 7, 2012 as per the instructions of the District court, Plaintiff-Appellant Vossbrinck filed a combined amended complaint. (Appendix Page 50)

On October 16, 2012 the District Court denied Plaintiff-Appellant's Vossbrinck's Motion to Remand. (Appendix Page 60)

October 19, 2012 the District Court granted Defendant's Motion to Dismiss Plaintiff's  combined complaint docket # 12-01312. (Appendix Page 63)

On October 16, 2013 District Judge Eginton issued a Ruling on Defendant's Motion to Dismiss. (Appendix Page 64)

On November 8, 2012 Plaintiff Vossbrinck filed a timely notice appeal of the District Court's final judgment with the United States Court of Appeals for the Second Circuit, Docket # 12-4597. (Appendix Page 70)

This timely appeal follows.

## <u>SUMMARY OF THE ARGUMENT</u>

This is a direct appeal of a final judgment entered by the Connecticut District Court on grounds that the an independent action filed by the Plaintiff-Appellees was barred by the Rooker-Feldman doctrine even though the Defendants-Appellees had no standing to commence a foreclosure action in the

Connecticut Superior Court as well as fraud upon the rendering court by the attorneys representing the Defendants-Appellees Banks. Therefore the Connecticut Superior Court Final Judgment of Foreclosure is void.

## ARGUMENT

### I. The District Court's Dismissal of this Action under the Rooker-Feldman Doctrine Was Clear Legal Error as the Claims Asserted Do Not Require Review of the Substantive Merits of the Final Judgment of Foreclosure

The so-called "*Rooker-Feldman*" exception doctrine to federal subject matter jurisdiction is derived from two cases: *Rooker v. Fidelity Trust Co*., 263 U.S. 413(1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-77(1983). The *"Rooker-Feldman"* doctrine stands for the rather unremarkable proposition that the federal courts lack jurisdiction to engage in appellate review of state court determinations, such power residing exclusively with the United States Supreme Court by certiorari under 28 U.S.C. § 1257.

In 2005 the United States Supreme Court decided *Exxon-Mobil Corp v. Saudi Basic Industries Corp*., 544 U.S. 280(2005). *Exxon-Mobil* holds that the *Rooker-Feldman* doctrine should be narrowly applied, and of particular application here, the Court's decision makes clear that the doctrine does not deprive the federal courts from exercising subject-matter jurisdiction: "*If a federal plaintiff presents some independent claim*, albeit one that denies a legal conclusion that a state court

has reached in a case to which he was a party…then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." *Id.* at 293. (Emphasis added)

The so called Rooker-Feldman doctrine does not bar an original, separate and independent action "tantamount to a bill in equity" rising under federal common law collaterally attacking a final state court judgment as void if the state court that rendered it either lacked subject matter jurisdiction, personal jurisdiction or acted in a manner inconsistent with due process or for fraud upon the rendering state court. *Washington v. Wilmore*, 407 F.3d 274,280 (4th Cir. 2005) (Rooker-Feldman doctrine does not apply because the federal plaintiff's claim of injury rests not on the final state court judgment itself, but on an independent claim that only ripened upon entry of final judgment asserting violations of one's constitutional rights by the federal defendants). See, *Schwartz v. United States,* 976 F.2d 213, 217 (4th Cir.1992); *Eberharrdt v Intergraded Design & Constr. Inc.,* 167 F.3d 861,871(4th Cir.2005); *Wendt v Lenard*, 431 F.3d 410,412-413(4th Cir. 2005).

The Second Circuit has, on at least two occasions, rejected "a blanket fraud exception to Rooker-Feldman." *Johnson v. Smithsonian Inst.,* 189 F.3d 180, 187 (2d Cir. 1999); *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002). In doing so the court rejected the argument that an attack on the winner's fraudulent behavior

Page 15

is not an attack upon the state-court judgment itself. These two opinions, however, predate *Exxon-Mobil*, a 2005 United states Supreme Court decision and thus have no presidential value. Therefore the question presented regarding the scope of the Rooker-Feldman doctrine is a matter of first impression in the Second Circuit.

Other sister Circuits, both pre and post Exxon-Mobil decisions are in accord with *Washington v. Wilmore* that the Rooker-Feldman doctrine does not apply when the federal plaintiff's claim of injury rests not on the state court judgment itself, but rather on an independent claim that the federal defendants alleged violations of his constitutional rights in the state court proceedings. Accord, *Lewis v. East Feliciana Parish Board*, 820 F. 2d 143,146 (5th Cir. 1987)(same); *Catz v. Chalker,* 142 F.3d 279,294(6th Cir.1998) (same); *4901 Corp. v. Town of Cicero*, 220 F.3d 522,528 (7th Cir. 2000) (Rooker-Feldman does not apply where the state court judgment is void *ab initio*); *McKay v. Pfeil,* 827 F. 2d 540,543 (9th 1987) (same)(federal courts may entertain a collateral attack on a state court judgment that is void whenever the Court that rendered it lacked jurisdiction over the subject, the person or acted in a manner inconsistent with due process of law or for fraud upon the rendering court by the federal court defendants and Rooker-Feldman is no bar).

Thus in the Ninth Circuit for example in *Kougasian v. TMSL* 359 F.3d 1136, 1140(9th Cir. 2004) the court held that the plaintiff's assertions of extrinsic fraud in the procurement of the state-court judgment prevented Rooker-Feldman's

Page 16

application. The court explained, "*At first glance, a federal suit alleging a cause of action for extrinsic fraud on a state court might appear to come within the Rooker-Feldman doctrine. It is clear that in such a case the plaintiff is seeking to set aside a state court judgment.*" The court went on, however, to state that "*[a] plaintiff alleging extrinsic fraud . . . is not alleging a legal error by the state court; rather, he or she is alleging a wrongful act by the adverse party.*" Thus, the court held Rooker-Feldman did not apply. In creating this exception, the Ninth Circuit relied on two sources: (1) California state law providing its courts with the equitable power to set aside judgments on grounds of fraud, mistake, or lack of jurisdiction; and (2) an 1878 Supreme Court case holding that, under Louisiana law, a judgment is a nullity if "obtained through fraud, bribery, forgery of documents.

Accord, *Pondexter v Allegany City Housing Authority*, 329 F. Appx. 347, 350 (3d Cir. 2009) (final judgment procured by fraud is void).

## II. The Appellee-Defendant Accredited Home Lenders Lacked Standing to Seek Foreclosure as the Real Party of Interest Had Not Yet Assigned the Note and Mortgage to the Banks Until 74 Days After the Action was Filed in the Connecticut Superior Court.

In *RMS Residential Properties v Miller*, 32 A.3d 307, 316-317(Conn. 2011) the Connecticut Supreme Court held that the holder of a promissory note and mortgage had standing to bring a foreclosure action by sale rendered by the trial court. In doing so the Court made clear that standing could only be conferred on

the holder of the note and mortgage at the time the foreclosure action was filed.

The doctrine of standing is *"an essential and unchanging part of the case-or-controversy requirement under Article III"* of the United States Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, (1992). In order to satisfy the case or controversy standing requirement, a plaintiff must demonstrate (1) an "injury in fact" which is both "concrete and particularized" and "actual or imminent"; (2) a causal connection between the injury and the challenged conduct; and (3) a likelihood that the injury will be redressed by a favorable decision. The "injury in fact" component requires that the plaintiff "allege a distinct and palpable injury to himself." *Warth v. Seldin,* 422 U.S. 490, 501(1975). Thus the injury must affect a party in a personal way.

Several state courts are in accord with the Connecticut Supreme Court decision in *RMS Residential Properties*. It is axiomatic that a plaintiff cannot rely on injuries occurring after the filing of the complaint to establish standing. This principle is in accord with decisions from other states holding that standing is determined at the time of the filing the complaint. *Deutsche Bank Natl. Trust v. Brumbaugh*, 270 P.3d 151, 156 (Okl.2012) ("If Deutsche Bank became a person entitled to enforce the note as either a holder or non-holder in possession who has the rights of a holder after the foreclosure action was filed, then the case must be dismissed without prejudice. *Bank Natl. Assn. v. Kimball*, 27 A.3d 1087, 1091

(Vt. 2011)(Bank required to show that at the time the foreclosure complaint was filed it possessed the original note); *Mtge. Electronic Registration Sys., Inc. v. Saunders,* 32 A.3d 287, 291 (Maine 2010), ("Without possession of or any interest in the note, MERS lacked standing to institute foreclosure proceedings and could not invoke the jurisdiction of our trial courts" ) ; *McLean v. JP Morgan Chase Bank Natl. Assn.,*79 So.3d 170, 173 (Fla.App.2012) ("the plaintiff  must prove that it had standing to foreclose when the complaint was filed"); *Burley v. Douglas*, 26 So.3d 1013, 1019 (Miss.2009); (foreclosure standing is to be determined as of the commencement of suit) . *Staley v New*, 56 N.M. 756, 758, 250 P.2d 893(1952) (servicer has no legal basis to file Complaint for Foreclosure, and has no standing to pursue an action); *U.S. National Bank v Ibanez*, 941 N.E.2d 40, 45(Mass. 2011) (same). It is thus axiomatic that a plaintiff cannot rely on injuries occurring after the filing of the complaint to establish standing. This principle is in accord with decisions from other states holding that standing is determined at the time of the filing the complaint.

### III. The Connecticut Court's Judgment of Foreclosure is Void for Want of Subject Matter Jurisdiction and For Fraud Upon the Rendering Court by the Attorneys Representing Accredited Home Lenders

The so called Rooker-Feldman doctrine does not bar an original, separate and independent action "tantamount to a bill in equity" rising under federal common law collaterally attacking a final state court judgment as void if the state

court that rendered it either lacked subject matter jurisdiction, personal jurisdiction or acted in a manner inconsistent with due process or for fraud upon the rendering state court. *Washington v. Wilmore*, 407 F.3d 274,280 (4th Cir. 2005) (Rooker-Feldman doctrine does not apply because the federal plaintiff's claim of injury rests not on the final state court judgment itself, but on an independent claim that only that ripened upon entry of final judgment asserting violations of one's constitutional rights by the federal defendants). See, also, *Schwartz v. United States,* 976 F.2d 213, 217 (4th Cir.1992); *Eberharrdt v Intergraded Design & Constr. Inc.,* 167 F.3d 861,871(4th Cir.2005); *Wendt v Lenard*, 431 F.3d ,412-413(4th Cir. 2005).

The Second Circuit has, on at least two occasions, rejected "a blanket fraud exception to Rooker-Feldman" *Johnson v. Smithsonian Inst.,* 189 F.3d 180, 187 (2d Cir. 1999); see also *Kropelnicki v. Siegel*, 290 F.3d 118, 128 (2d Cir. 2002). In doing so, the court rejected the argument that an attack on the winner's fraudulent behavior is not an attack upon the state-court judgment itself. These two opinions, however, predate Exxon Mobil, and their precedential value is dubious. Thus the question presented here regarding exceptions to the Rooker-Feldman doctrine raise a matter of first impression.

Other sister Circuits, both pre and post Exxon-Mobil decisions are in accord with *Washington v Wilmore* that the Rooker-Feldman doctrine does not apply when

the federal plaintiff's claim of injury rests not on the state court judgment itself, but rather on an independent claim that the federal defendants alleged violations of his due rights in state court proceedings. See, also *Lewis v. East Feliciana Parish Board*, 820 F. 2d 143,146(5th Cir. 1987)(same); 142 F.3d 279,294(6th ir.1998) (same); *4901 Corp. v. Town of Cicero,* 220 F.3d 522,528 (7th Cir. 2000) (Rooker-Feldman does not apply where the state court judgment is void *ab initio*); *McKay v. Pfeil,* 827 F. 2d 540,543 (9th 1987) (federal courts may entertain a collateral attack on a state court judgment that is void whenever a court that rendered it lacked jurisdiction over the subject, the person or acted in a manner inconsistent with due process of law or for fraud upon the rendering court by the federal court defendants and Rooker-Feldman is no bar). See also, *Tomlin v. McDaniel*, 865 F.2d 209, 210(9th Cir. 1987) (state court judgment void if wanting in due process); *Thomas P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica*, 614 F.2d 1247, 1256 (9th Cir. 1980) ("When a judgment is void, the judgment is a legal nullity and the district court has a nondiscretionary duty to grant relief"). *Watts v. Pinkney*, 752 F.2d 406,409 (9th Cir. 1985) (well-settled that a judgment is void if the court that considered it lacked jurisdiction of the subject matter, or the parties or if the court acted in a manner inconsistent with due process of law or for fraud upon the rendering court); See also, Vol.11, Wright & Miller, Federal Practice and Procedure @ 198, 200(1973 ed.) The controlling law clearly establishes that

aberrational departures from established modes of procedure can render a final

judgment void. *Windsor v. McVeigh,* 93 U.S. 274, 282(1876); *Wetmore v. Karrack*,

205 U.S. 141, 149 (1907).

### IV. Plaintiff-Appellant is Entitled to Equitable Restitution Restoring his Real Property Under Color of a Void Connecticut Judgment

On the state of the record before this Court Plaintiff-Appellant asks this

Court to declare the final judgment of foreclosure entered by the Connecticut

Superior Court as void as wanting in subject matter in procedural and substantive

due process and enter an order providing the Plaintiffs-Appellants equitable

restoration and restitution returning the assets wrongfully seized under color of a

void judgment entered in 2012. See *Nw. Fuel Co. v. Brock*, 139 U.S. 216, 219

(1891)("The power is inherent in every court, while the subject of controversy is in

its custody, and the parties are before it, to undo what it had no authority to do

originally, and in which it, therefore acted erroneously, and to restore, so far as

possible, the parties to their former position."). See also, *Watts v. Pinckney*,

752 F.2d 406, 410 (9th Cir. 1985) (order of restitution based on void judgment);

*Graziadei v. Graziadei*, 32 F.3d 1408, 1411 (9th Cir. 1994) (ordering restitution of

funds paid by court lacking in subject matter jurisdiction); *Zee v. Karabatsos*,

683 F.2d 832 (4th Cir.1982); *Jordan v Gilligan* 500 F.2d 701, 704 (6th Cir.1974)

(garnisher entitled to restitution of payment made on void judgment); *United States*

Page 22

*U.S. Currency,* 16 F.3d 1051, 1064 (9th Cir. 1994) (holding that a court does not lose jurisdiction over property that was illegally seized).

Finally, in *United States v 87 Skyline Terrace*, 26 F.3d 823,929 (9th Cir. 1994) a case that squarely parallels the instant appeal before the Court held that the District Court's final judgment lacked subject matter jurisdiction over the underlying action. On appeal the Court held that the District's Court's final judgment confirming the sales of 87 Skyline Terrace and 47 Ridge Avenue were void. The Court held that the final judgment related to the sale of the properties were void because the District Court lacked subject matter jurisdiction over the underlying action. See also, *Wages v. IRS*, 915 F.2d 1230, 1234(9th Cir.1990)("party may attack a judgment as void due to lack of subject matter jurisdiction."). Thus, if the Connecticut foreclosure court's final judgment is void order is void the Plaintiff Appellant should be restored to the position they would have been in had the orders never been entered. See also, *Vander Zee v. Karabatsos,* 683 F.2d 832, 834 (4th Cir.1982) (explaining that a garnishee is entitled to restitution of payment made on a void judgment).

The court should thus issue an order restoring Plaintiff-Appellant's rightful position  holding that sale of his real property must be set aside and undone.  Just as in *Skyline Terrace* this Court should also order restoration of Plaintiff-Appellant's real estate under color of a void Connecticut foreclosure judgment rendered without subject matter jurisdiction.

## **<u>CONCLUSION</u>**

In conclusion Plaintiff-Appellant asks the Court to hold that the final judgment of foreclosure entered by the Connecticut Superior Court be declared void for want of subject matter jurisdiction and for fraud upon the rendering state court for wholesale acts of fraud, deceit and misrepresentation by the Bank's attorneys, while serving as officers of the Court and in doing so, made a farce and mockery of the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Thus the Court should order the equitable restitution and restoration of his real property under color of a void judgment.

Respectfully submitted,


_____/S/_____
ROBERT S. CATZ
Counsel for Plaintiff-Appellant

## STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellant hereby requests 15 minutes of oral argument. Oral argument would significantly aid the decisional process on a question of first impression in this Circuit to wit: whether the Rooker-Feldman doctrine bars an original, separate and independent action collaterally attacking a Final Judgment of Foreclosure as void entered by a Connecticut Superior Court for want of subject matter jurisdiction and for fraud upon the rendering court by the Attorneys for the foreclosing Bank. As this case raises an important question of first impression in this Circuit in the context of foreclosure proceedings this appeal should be placed on the oral argument calendar.

## CERTIFICATE OF COMPLIANCE

I, Robert S. Catz, hereby certify that this opening brief contains 14,000 words or less.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of all of the foregoing was emailed to all parties

of record as indicated below on this 5th day of March, 2013.

_____/S/_____
ROBERT S. CATZ
Counsel for Plaintiff-Appellant

William P. Breen
Eckert Seamans Cherin & Mellott, LLC.
Two International Place, 16th Floor
Boston, MA 02110
(617) 342-6887
wbreen@eckertseamans.com

Julia Beth Vacek
Eckert Seamans Cherin & Mellott, LLC.
Two International Place, 16th Floor
Boston, MA 02110
(617) 342-6899
jvacek@eckertseamans.com

Geraldine A. Cheverko, Esq.
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street, Suite 700
White Plains, New York 10606
(914) 773-2350
gcheverko@eckertseamans.com

Peter F. Carr, II
Eckert Seamans Cherin & Mellott, LLC
Two International Place, 16th Floor
Boston, MA 02110
(617) 342-6800
pcarr@eckertseamans.com