# 12-3647

## UNITED STATES COURTS OF APPEALS
## FOR THE SECOND CIRCUIT

_____

**Karl Paul Vossbrinck,**
**Plaintiff - Appellant,**
**v.**

**Accredited Home Lenders, Inc., (Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the Holders of the Accredited Mortgage Loan Trust Asset Backed Notes, Substituted Plaintiff),**

**Defendant - Appellee,**

**Deutsche Bank National Trust Company, As Indenture Trustee on Behalf of the Holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes,**

**Consolidated Defendant - Appellee.**

**On Appeal from the United States District Court**
**for the District of Connecticut**
**Senior United States District Judge Presiding**

_____

**Appendix of Plaintiff-Appellant Karl Paul Vossbrinck**

_____

**ROBERT S. CATZ**
**National Foreclosure Defense**
**Law Project**
**1600-28th Street, N.W.**
**Washington, D.C. 20007**
**(202) 657-4772**

**Counsel for Plaintiff-Appellant**

# TABLE OF CONTENTS

Page(s)

1. District Court Docket Sheet.............................................4

2. District Court Docket.................................................5

3. Order / Judgment Being Appealed ......................... 63

4. Notice of Appeal..................................................... 70

5. Certificate of Service ............................................. 72

6. Foreclosure Complaint .......................................... 10

7. Lis Pendens ........................................................... 17

8. Assignment Of Mortgage ...................................... 18

9. Affidavit Of Facts ................................................. 19

10. Motion and Request to Set Aside Judgment of Strict Foreclosure ........ 25

11. The Honorable Mark Taylor's Memorandum of Decision .................... 27

12. Plaintiff Vossbrinck's Separate and Independent Action...................... 28

13. Defendant Accredited Home Lenders, Inc. Motion to Remove ............. 33

14. Defendant's Motion to Combine Lawsuits................................ 43

15. Plaintiff Vossbrinck's Motion to Remand his

original and separate action back to state court....................... 48

16. Original Combined Complaint filed in District Court........................... 50

17. Memorandum denying Plaintiff 's Motion to Remand ......................... 60

18. <u>Judgment</u> Granting  Defendant's Motion to Dismiss .............................. 63

19. <u>Ruling</u>  on Defendant's Motion to Dismiss

    Plaintiff's Combined Complaint................................................ 64

20. Plaintiff's <u>Notice of Appeal</u>.................................................. 70

21. Certification ........................................................................ 72

# District Court Docket Sheet

APPEAL, CLOSED, EFILE, LEAD, PROSE

**U.S. District Court**
**United States District Court for the District of Connecticut (New Haven)**
**CIVIL DOCKET FOR CASE #: 3:11-cv-01312-WWE**

Vossbrinck v. Accredited Home Lenders, Inc.
Assigned to: Judge Warren W. Eginton
Member case: (View Member Case)
Cause: 15:1601 Truth in Lending

Date Filed: 08/17/2011
Date Terminated: 10/19/2012
Jury Demand: Plaintiff
Nature of Suit: 370 Fraud or
Truth–In–Lending
Jurisdiction: Federal Question

**Plaintiff**

**Karl Paul Vossbrinck**

represented by **Karl Paul Vossbrinck**
487 Berkshire Road
Southbury, CT 06488
203 267–6500
Email: paulvoss@earthlink.net
PRO SE

V.

**Defendant**

**Accredited Home Lenders, Inc.**
*(Deutsche Bank National Trust Company,*
*as Indenture Trustee, on behalf of the*
*Holders of the Accredited Mortgage Loan*
*Trust Asset Backed Notes, Substituted*
*Plaintiff)*

represented by **Enrico R Costantini**
Bishop, Jackson &Kelly, LLC
472 Wheelers Farms Rd 3rd Flr
Milford, CT 06461
203–647–3300
Email: rrc@bjklaw.us
*TERMINATED: 06/20/2012*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William P. Breen , Jr.**
Eckert Seamans Cherin &Mellott, LLC
Two International Place, 16th Floor
Boston, MA 02110
617–342–6887
Email: wbreen@eckertseamans.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Consol Defendant**

**Deutsche Bank National Trust**
**Company**
*As Indenture Trustee on Behalf of the*
*Holders of the Accredited Mortgage Loan*
*Trust 2005–4 Asset Backed Notes*

represented by **Geraldine A. Cheverko**
Eckert Seamans Cherin &Mellott LLC
10 Bank St., Suite 700
White Plains, NY 10606
773–2350
Email: gcheverko@eckertseamans.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William P. Breen , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
|            |   |             |

# District Court Docket

| 08/17/2011 | 1 | COMPLAINT against Accredited Home Lenders, Inc., filed by Karl Paul Vossbrinck.(Pesta, J.) (Entered: 08/17/2011) |
| --- | --- | --- |
| 08/17/2011 | 2 | MOTION for Preliminary Injunction (Responses due by 9/7/2011, ), MOTION for Temporary Restraining Order by Karl Paul Vossbrinck. (Pesta, J.) Modified on 12/7/2011 (Candee, D.). (Entered: 08/17/2011) |
| 08/17/2011 | 3 | Order on Pretrial Deadlines: Motions to Dismiss due on 11/17/11. Amended Pleadings due by 10/16/2011 Discovery due by 2/16/2012 Dispositive Motions due by 3/17/2012. Signed by Clerk on 8/17/11. (Pesta, J.) Modified on 8/22/2011 to correct signature (Torrenti, R.). (Entered: 08/17/2011) |
| 08/17/2011 | | Filing fee received from Karl Vossbrinck. $ 350.00, receipt number CTXN00002065 (Pesta, J.) (Entered: 08/17/2011) |
| 12/06/2011 | 4 | ORDER finding as moot 2 Motion for Preliminary Injunction; finding as moot 2 Motion for TRO. Signed by Judge Warren W. Eginton on 12/6/2011. (Welles, T.) (Entered: 12/06/2011) |
| 12/06/2011 | 5 | ORDER vacating this court's order finding as moot the motions for temporary and preliminary injunction. The clerk is instructed to reinstate such motions as pending. Signed by Judge Warren W. Eginton on 12/6/2011. (Welles, T.) (Entered: 12/06/2011) |
| 12/07/2011 | | Docket Entry Correction re 5 Order to Reinstate 2 MOTION for Preliminary Injunction and MOTION for Temporary Restraining Order as pending. Motion for Preliminary Injunction and Motion for Temporary Restraining Order reinstated as pending. (Candee, D.) (Entered: 12/07/2011) |
| 01/03/2012 | 6 | NOTICE OF NON COMPLIANCE pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. It is hereby ordered that the plaintiff shall, by 1/19/2012, report to the court on the status of service of process. In the absence of satisfactory compliance with Rule 4(m), the court shall, thirty days from this date, enter a dismissal pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Signed by Judge Warren W. Eginton on 1/3/2011. (Candee, D.) (Entered: 01/05/2012) |
| 02/21/2012 | 7 | JUDGMENT dismissing complaint.<br><br>For Appeal Forms please go to the following website: http://www.ctd.uscourts.gov/forms.html. Signed by Clerk on 2/21/2012. (Candee, D.) Modified on 2/24/2012 (Candee, D.). (Entered: 02/24/2012) |
| 02/21/2012 | | JUDICIAL PROCEEDINGS SURVEY: The following link to the confidential survey requires you to log into CM/ECF for SECURITY purposes. Once in CM/ECF you will be prompted for the case number. Although you are receiving this survey through CM/ECF, it is hosted on an independent website called SurveyMonkey. Once in SurveyMonkey, the survey is located in a secure account. The survey is not docketed and it is not sent directly to the judge. To ensure anonymity, completed surveys are held up to 90 days before they are sent to the judge for review. We hope you will take this opportunity to participate, please click on this link:<br><br>https://ecf.ctd.uscourts.gov/cgi-bin/Dispatch.pl?survey (Candee, D.) (Entered: 02/24/2012) |
| 02/24/2012 | | Docket Entry Correction − re 7 Judgment modified to correct filing date. (Candee, D.) (Entered: 02/24/2012) |
| 03/01/2012 | 9 | MOTION to Reopen Case by Karl Paul Vossbrinck.Responses due by 3/22/2012 (Candee, D.) (Entered: 03/02/2012) |
| 03/02/2012 | 8 | ELECTRONIC SUMMONS ISSUED in accordance with Fed. R. Civ. P. 4 and LR 4 as to *Accredited Home Lenders, Inc.* with answer to complaint due within *21* days. *Karl Paul Vossbrinck* *487 Berkshire Road* *Southbury, CT 06488*. (Fazekas, J.) (Entered: 03/02/2012) |
| 03/09/2012 | 10 | SUMMONS Returned Executed by Karl Paul Vossbrinck. Accredited Home Lenders, Inc. served on 3/2/2012, answer due 3/23/2012. (Candee, D.) (Entered: |

## District Court Docket (continued)

| | | 03/21/2012 |
|---|---|---|
| 03/09/2012 | 11 | SUMMONS Returned Executed by Karl Paul Vossbrinck. Accredited Home Lenders, Inc. served on 3/5/2012 via CT Secretary of State, answer due 3/26/2012. (Attachments: #(1) Summons executed as to Deutsche Bank Nat. Trust Co. on CT Secretary of State on 3/7/2012 #_2 Summons mailed as to Deutsche Bank Nat. Trust Co. via Federal Express to last known address. (Candee, D.) (Entered: 03/21/2012) |
| 03/16/2012 | 12 | Consent to Electronic Notice by Karl Paul Vossbrinck (Candee, D.) (Entered: 03/21/2012) |
| 03/30/2012 | 13 | NOTICE of Appearance by Enrico R Costantini on behalf of Accredited Home Lenders, Inc. (Costantini, Enrico) (Entered: 03/30/2012) |
| 04/12/2012 | 14 | MOTION for Enrico Costantini to Withdraw as Attorney by Accredited Home Lenders, Inc.. (Costantini, Enrico) (Entered: 04/12/2012) |
| 04/27/2012 | 24 | MOTION for Temporary Restraining Order by Karl Paul Vossbrinck. (Blough, B.) (Entered: 07/10/2012) |
| 05/18/2012 | 25 | MOTION for Temporary Restraining Order by Karl Paul Vossbrinck. (Attachments: #_1 Exhibits)(Blough, B.) (Entered: 07/10/2012) |
| 05/23/2012 | 15 | ORDER granting 9 Motion to Reopen Case; denying 14 Motion to Withdraw as Attorney because the case is being reopened.. Signed by Judge Warren W. Eginton on 5/23/12. (Welles, T.) (Entered: 05/23/2012) |
| 06/15/2012 | 16 | MOTION to Consolidate Cases. Case to be consolidated with 3:12−cv−00637 *and Motion for Extension of Time to File a Response to_1 Plaintiff's Complaint* by Accredited Home Lenders, Inc..Responses due by 7/6/2012 (Attachments: #_1 Text of Proposed Order)(Breen, William). Added MOTION for Extension of Time on 6/18/2012 (Torrenti, R.). (Entered: 06/15/2012) |
| 06/18/2012 | 17 | MOTION for Enrico R. Costantini to Withdraw as Attorney by Accredited Home Lenders, Inc.. (Costantini, Enrico) (Entered: 06/18/2012) |
| 06/18/2012 | 21 | Consent to Electronic Notice by Karl Paul Vossbrinck. (Fazekas, J.) (Entered: 06/29/2012) |
| 06/18/2012 | 22 | NOTICE re Scheduling of Pretrial Conference by Karl Paul Vossbrinck. (Fazekas, J.) (Entered: 06/29/2012) |
| 06/20/2012 | 18 | ORDER granting 17 Motion to Withdraw as Attorney. Attorney Enrico R Costantini terminated. Signed by Judge Warren W. Eginton on 6/20/2012. (Welles, T.) (Entered: 06/20/2012) |
| 06/25/2012 | 19 | ORDER granting 16 Motion for Extension of Time to file a response to the complaint.. Signed by Judge Warren W. Eginton on 6/25/2012. (Welles, T.) (Entered: 06/25/2012) |
| 06/28/2012 | 20 | REPORT of Rule 26(f) Planning Meeting. (Breen, William) (Entered: 06/28/2012) |
| 06/29/2012 | 26 | MOTION to Dismiss *Amended Complaint* by Deutsche Bank National Trust Company.Responses due by 7/20/2012 (Attachments: #_1 Memorandum in Support)(Blough, B.) (Entered: 07/10/2012) |
| 07/10/2012 | 23 | ORDER granting 16 Motion to Consolidate Cases. Signed by Judge Warren W. Eginton on 7/10/2012. (Welles, T.) (Entered: 07/10/2012) |
| 07/10/2012 | 27 | NOTICE OF CONSOLIDATION. Signed by Clerk on 7/10/2012. (Blough, B.) (Entered: 07/10/2012) |
| 07/11/2012 | 28 | Consent to Electronic Notice by Karl Paul Vossbrinck. (Fazekas, J.) (Entered: 07/13/2012) |
| 07/11/2012 | 29 | OBJECTION re 16 MOTION to Consolidate Cases. Case to be consolidated with 3:12−cv−00637 *and Motion for Extension of Time to File a Response to Plaintiff's Complaint* MOTION for Extension of Time filed by Karl Paul Vossbrinck. (Fazekas, J.) (Entered: 07/13/2012) |

## District Court Docket (continued)

| | | |
|---|---|---|
| 07/13/2012 | 30 | MOTION to Dismiss *Complaint* by Accredited Home Lenders, Inc., Deutsche Bank National Trust Company.Responses due by 8/3/2012 (Attachments: #1 Memorandum in Support, #2 Exhibit Exhibit A–F to Memorandum of Law in Support of Motion to Dismiss)(Breen, William) (Entered: 07/13/2012) |
| 07/13/2012 | 31 | NOTICE by Accredited Home Lenders, Inc., Deutsche Bank National Trust Company re 30 MOTION to Dismiss *Complaint* (Breen, William) (Entered: 07/13/2012) |
| 07/17/2012 | 32 | MOTION by Prose Litigant to Participate in Electronic Filing by Karl Paul Vossbrinck. Responses due by 8/7/2012 (Oliver, T.) (Entered: 07/17/2012) |
| 07/17/2012 | 33 | OBJECTION re 16 MOTION to Consolidate Cases. Case to be consolidated with 3:12–cv–00637 *and Motion for Extension of Time to File a Response to Plaintiff's Complaint* MOTION for Extension of Time filed by Karl Paul Vossbrinck. (Oliver, T.) (Entered: 07/17/2012) |
| 07/18/2012 | 34 | ORDER granting 32 Motion to efile. Signed by Judge Warren W. Eginton on 7/18/2012. (Welles, T.) (Entered: 07/18/2012) |
| 07/18/2012 | 35 | ORDER, in light of the recent consolidation, finding as moot 24 Motion for TRO; finding as moot 25 Motion for TRO; finding as moot 26 Motion to Dismiss; finding as moot 30 Motion to Dismiss.Plaintiff is instructed to file an amended consolidated complaint within tend days of this order and defendant should within 30 days of that filing respond with its motion to dismiss that addresses the consolidated complaint. Signed by Judge Warren W. Eginton on 7/18/2012. (Welles, T.) (Entered: 07/18/2012) |
| 07/18/2012 | 36 | EMERGENCY MOTION for Temporary Restraining Order, EMERGENCY MOTION for Preliminary Injunction (Responses due by 8/8/2012, ) by Karl Paul Vossbrinck. (Oliver, T.) (Entered: 07/18/2012) |
| 07/18/2012 | 37 | MOTION to Disjoin Lawsuits by Karl Paul Vossbrinck. Responses due by 8/8/2012 (Oliver, T.) (Entered: 07/18/2012) |
| 07/18/2012 | 38 | ELECTRONIC FILING ORDER – PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. PRO SE FILERS ARE REQUIRED TO COMPLY WITH THE JUDGE'S STANDARD ELECTRONIC FILING ORDER WHICH IS ATTACHED.. Signed by Judge Warren W. Eginton on 7/18/2012. (Oliver, T.) (Entered: 07/19/2012) |
| 07/18/2012 | 41 | ENTERED IN ERROR – ELECTRONIC FILING ORDER – PLEASE ENSURE COMPLIANCE WITH COURTESY COPY REQUIREMENTS IN THIS ORDER. Signed by Judge Warren W. Eginton on 7/18/2012. (Fazekas, J.) Modified on 7/23/2012 (Fazekas, J.). (Entered: 07/23/2012) |
| 07/19/2012 | 39 | OBJECTION re 36 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction filed by Deutsche Bank National Trust Company. (Attachments: #1 Exhibit A, #2 Exhibit B)(Breen, William) (Entered: 07/19/2012) |
| 07/19/2012 | 40 | RULING denying 36 Motion for TRO; denying 36 Motion for Preliminary Injunction. Signed by Judge Warren W. Eginton on 7/19/2012. (Oliver, T.) (Entered: 07/19/2012) |
| 07/24/2012 | 42 | MOTION TRO – Injunction by Karl Paul Vossbrinck.Responses due by 8/14/2012 (Attachments: #1 Exhibit TRO Denial, #2 Exhibit Superior Court Memorandum)(Vossbrinck, Karl) (Entered: 07/24/2012) |
| 07/24/2012 | 43 | MOTION to Remand to State Court by Karl Paul Vossbrinck.Responses due by 8/14/2012 (Vossbrinck, Karl) (Entered: 07/24/2012) |
| 07/26/2012 | 44 | MOTION for Extension of Time until August 6, 2012 Filing Amended Consolidated Complaint by Karl Paul Vossbrinck. (Vossbrinck, Karl) (Entered: 07/26/2012) |
| 07/27/2012 | 45 | ORDER granting 44 Motion for Extension of Time until August 6, 2012 to file the Amended Consolidated Complaint. Signed by Judge Warren W. Eginton on 7/27/2012. (Welles, T.) (Entered: 07/27/2012) |

# District Court Docket (continued)

| | | |
|---|---|---|
| 07/27/2012 | | Set Deadlines/Hearings: Amended Consolidated Complaint due by 8/6/2012 (Fazekas, J.) (Entered: 07/30/2012) |
| 08/07/2012 | 46 | OBJECTION re 37 MOTION to Disjoin Lawsuits filed by Deutsche Bank National Trust Company. (Breen, William) (Entered: 08/07/2012) |
| 08/07/2012 | 47 | OBJECTION re 42 MOTION TRO − Injunction filed by Deutsche Bank National Trust Company. (Breen, William) (Entered: 08/07/2012) |
| 08/07/2012 | 48 | AMENDED COMPLAINT *Amended Combined Complaint* against All Defendants, filed by Karl Paul Vossbrinck. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit, # 13 Exhibit, # 14 Exhibit)(Vossbrinck, Karl) (Entered: 08/07/2012) |
| 08/13/2012 | 49 | OBJECTION re 43 MOTION to Remand to State Court filed by Deutsche Bank National Trust Company. (Breen, William) (Entered: 08/13/2012) |
| 08/23/2012 | 50 | Emergency Memorandum in Support re 42 MOTION TRO − Injunction filed by Karl Paul Vossbrinck. (Vossbrinck, Karl) (Entered: 08/23/2012) |
| 08/30/2012 | 51 | MOTION to Dismiss *Amended Combined Complaint (With Proposed Order)* by Accredited Home Lenders, Inc., Deutsche Bank National Trust Company.Responses due by 9/20/2012 (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Notice to Pro Se Litigant)(Breen, William) (Entered: 08/30/2012) |
| 08/30/2012 | 52 | NOTICE by Accredited Home Lenders, Inc., Deutsche Bank National Trust Company re 51 MOTION to Dismiss *Amended Combined Complaint (With Proposed Order)* MOTION to Dismiss *Amended Combined Complaint (With Proposed Order) [Notice to Pro Se Litigant Opposing Motion to Dismiss as Required by Local Rule 12(A)* (Breen, William) (Entered: 08/30/2012) |
| 09/05/2012 | 57 | NOTICE OF INTERLOCUTORY APPEAL as to 40 RULING denying 36 MOTION for Temporary Restraining Order, denying MOTION for Preliminary Injunction by Karl Paul Vossbrinck. (Fazekas, J.) Modified on 9/13/2012 (Fazekas, J.). (Entered: 09/10/2012) |
| 09/07/2012 | 53 | First MOTION for Extension of Time until 9/12/2012 Fle Notice of Appeal by Karl Paul Vossbrinck. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(Vossbrinck, Karl) (Entered: 09/07/2012) |
| 09/07/2012 | 54 | First MOTION for Leave to Proceed in forma pauperis by Karl Paul Vossbrinck. (Attachments: # 1 Affidavit)(Vossbrinck, Karl) (Entered: 09/07/2012) |
| 09/10/2012 | 55 | Second MOTION for Leave to Proceed in forma pauperis by Karl Paul Vossbrinck. (Vossbrinck, Karl) (Entered: 09/10/2012) |
| 09/10/2012 | 56 | Second AFFIDAVIT Signed By Karl Paul Vossbrinck filed by Karl Paul Vossbrinck. (Vossbrinck, Karl) (Entered: 09/10/2012) |
| 09/13/2012 | 58 | Docket Entry Correction re 57 Notice of Interlocutory Appeal to create link to 40 Ruling. (Fazekas, J.) (Entered: 09/13/2012) |
| 09/18/2012 | 59 | OBJECTION re 53 First MOTION for Extension of Time until 9/12/2012 Fle Notice of Appeal by Karl Paul Vossbrinck, 57 Notice of Interlocutory Appeal filed by Deutsche Bank National Trust Company. (Breen, William) Modified on 9/19/2012 to create link to motion (Perez, J.). (Entered: 09/18/2012) |
| 09/19/2012 | 60 | First RESPONSE filed by Karl Paul Vossbrinck. (Vossbrinck, Karl) (Entered: 09/19/2012) |
| 10/16/2012 | 61 | RULING ON DEFENDANT'S MOTION TO DISMISS granting 51 Motion to Dismiss. Signed by Judge Warren W. Eginton on 10/16/2012. (Ghilardi, K.) (Entered: 10/18/2012) |
| 10/16/2012 | 62 | ORDER denying 37 Motion to Disjoin Lawsuits; denying 42 Motion for Reconsideration and Request for a Hearing ; denying 43 Motion to Remand to State Court; denying 53 Motion for Extension of Time ; denying without prejudice |

# District Court Docket (continued)

| | | |
|---|---|---|
| | | 54 Motion for Leave to Proceed in forma pauperis; denying without prejudice 55 Motion for Leave to Proceed in forma pauperis. Signed by Judge Warren W. Eginton on 10/16/2012. (Ghilardi, K.) (Entered: 10/18/2012) |
| 10/19/2012 | 63 | JUDGMENT entered in favor of Accredited Home Lenders, Inc., Deutsche Bank National Trust Company against Karl Paul Vossbrinck. For Appeal Forms please go to the following website: http://www.ctd.uscourts.gov/forms.html. Signed by Clerk on 10/17/2012. (Ghilardi, K.) (Entered: 10/19/2012) |
| 10/19/2012 | | JUDICIAL PROCEEDINGS SURVEY: The following link to the confidential survey requires you to log into CM/ECF for SECURITY purposes. Once in CM/ECF you will be prompted for the case number. Although you are receiving this survey through CM/ECF, it is hosted on an independent website called SurveyMonkey. Once in SurveyMonkey, the survey is located in a secure account. The survey is not docketed and it is not sent directly to the judge. To ensure anonymity, completed surveys are held up to 90 days before they are sent to the judge for review. We hope you will take this opportunity to participate, please click on this link: https://ecf.ctd.uscourts.gov/cgi-bin/Dispatch.pl?survey (Ghilardi, K.) (Entered: 10/19/2012) |
| 11/13/2012 | 64 | ENTERED IN ERROR – First NOTICE by Karl Paul Vossbrinck (Vossbrinck, Karl) (Additional attachment(s) added on 11/16/2012: # 1 REPLACEMENT PDF) (Fazekas, J.). Modified on 11/16/2012 (Fazekas, J.). (Entered: 11/13/2012) |
| 11/14/2012 | 67 | NOTICE OF APPEAL as to 63 Judgment, by Karl Paul Vossbrinck. Document 64 corrected. (Fazekas, J.) (Entered: 11/16/2012) |
| 11/15/2012 | 65 | First MOTION for Leave to Proceed in forma pauperis by Karl Paul Vossbrinck. (Vossbrinck, Karl) (Entered: 11/15/2012) |
| 11/16/2012 | 66 | First NOTICE by Karl Paul Vossbrinck (Vossbrinck, Karl) (Entered: 11/16/2012) |
| 11/20/2012 | 68 | ORDER granting 65 Motion for Leave to Proceed in forma pauperis. Signed by Judge Warren W. Eginton on 11/20/2012. (Welles, T.) (Entered: 11/20/2012) |
| 11/27/2012 | 69 | ORDER Returning Submission as Deficient: Duplicate filing re No. 67 returned to Karl Paul Vossbrinck as to Karl Paul Vossbrinck. Signed by Judge Warren W. Eginton on 11/27/2012. (Fazekas, J.) (Entered: 11/30/2012) |
| 11/30/2012 | 70 | NOTICE of Lis Pendens by Karl Paul Vossbrinck. (Fazekas, J.) (Entered: 12/03/2012) |

## Foreclosure Complaint

| RETURN DATE: JANUARY 08, 2008 | : SUPERIOR COURT |
| --- | --- |
| ACCREDITED HOME LENDERS, INC. | : JUDICIAL DISTRICT OF<br>WATERBURY |
| VS: | : AT WATERBURY |
| | : |
| KARL PAUL VOSSBRINCK A/K/A PAUL<br>VOSSBRINCK, ET. AL | : DECEMBER 17, 2007 |

### COMPLAINT

1.    The Plaintiff, Accredited Home Lenders, Inc. has an office and place of business with an address of 16550 West Bernardo Drive, Building 1, San Diego, CA 92127.

2.    At all times complained of herein, the Defendant(s), Karl Paul Vossbrinck a/k/a Paul Vossbrinck, owned real property situated in the Town of Southbury, County of New Haven and State of Connecticut known as 487 Berkshire Road, (hereinafter the "Property") being more particularly described in Schedule A attached hereto and made a part hereof.

3.    On or about October 19, 2005, the Defendant(s), Karl Paul Vossbrinck a/k/a Paul Vossbrinck, executed and delivered to Accredited Home Lenders, Inc., a Note (the "Note") for a loan in the original principal amount of $575,000.00.

4.    On said date to secure said Note the Defendant(s), Karl Paul Vossbrinck a/k/a Paul Vossbrinck, did execute and deliver to Mortgage Electronic Registration Systems, Inc. as Nominee for Accredited Home Lenders, Inc., a Mortgage on the Property. Said Mortgage was dated October 19, 2005 and recorded November 15, 2005 in Volume 500 at Page 16 of the Southbury Land Records. Said Mortgage was assigned to Accredited Home Lenders, Inc. by virtue of an Assignment of Mortgage to be recorded on the Southbury Land Records. The Plaintiff, Accredited Home Lenders, Inc., is the holder of said Note and Mortgage.

5.    Said Note is in default and the Plaintiff, Accredited Home Lenders, Inc. as the holder of said Mortgage and Note has elected to accelerate the balance due on said Note, to declare said Note to be due in full and to foreclose the Mortgage securing said Note.

03488-00176

HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET ● HARTFORD, CONNECTICUT 06120 ● (860) 808-0606 ● JURIS NO. 101589

## Foreclosure Complaint (continued)

6.    The Plaintiff has provided written notice in accordance with the Note and Mortgage to the Defendant(s) of the default under the Note and Mortgage, but said Defendant(s) has failed and neglected to cure the default.  The Plaintiff has elected to accelerate the balance due on said Note, to declare said Note to be due in full and to foreclose the Mortgage securing said Note.

7.    The following liens or encumbrances claim to have an interest in the Property which liens or encumbrances are prior in right to the Mortgage herein:

a.    The Town/City of Southbury may claim an interest in the Property by virtue of inchoate liens for real estate taxes on the Grand Lists of October 1, 2002 and thereafter.

b.    Michael A. Daddona, Jr. claims an interest in the Property by virtue of a Mortgage in the amount of $50,000.00 dated October 07, 2005 and recorded on October 25, 2005 in Volume 498 at Page 427 of the Southbury Land Records.

8.    The following liens or encumbrances claim to have an interest in the Property which liens or encumbrances are subsequent in right to the Mortgage herein:

a.    The Defendant, Michael A. Daddona, Jr. claims an interest in the Property by virtue of a Mortgage in the amount of $50,000.00 dated April 21, 2006 and recorded on April 26, 2006 in Volume 509 at Page 128 of the Southbury Land Records.

b.    The Defendant, Mortgage Electronic Registration Systems, Inc. as Nominee for Citibank, Federal Savings Bank claims an interest in the Property by virtue of a Mortgage in the amount of $148,100.00 dated July 28, 2006 and recorded on August 29, 2006 in Volume 515 at Page 1192 of the Southbury Land Records.

9.    The Defendant(s) Karl Paul Vossbrinck a/k/a Paul Vossbrinck, is the owner of the equity of redemption of the Property and, on information and belief, is in possession of the Property.

10.    The Plaintiff, Accredited Home Lenders, Inc., has further caused a Lis Pendens to be recorded on the Land Records of the Town of Southbury.  A copy of said Lis Pendens is attached hereto as Exhibit A.

03488-00176

HUNT LEIBERT JACOBSON, P.C. • ATTORNEYS AT LAW
50 WESTON STREET • HARTFORD, CONNECTICUT 06120 • (860) 808-0606 • JURIS NO. 101589

## Foreclosure Complaint (continued)



11.    The Plaintiff, Accredited Home Lenders, Inc., has further caused a notice to be given to the Defendant(s), Karl Paul Vossbrinck a/k/a Paul Vossbrinck, of his rights pursuant to the Statutes pertaining to unemployment and underemployment by annexing to this Writ, Summons and Complaint a copy of the notice provided for in said Statute.

03468-00176

HUNT LEIBERT JACOBSON, P.C.  •  ATTORNEYS AT LAW
50 WESTON STREET   •   HARTFORD, CONNECTICUT 06120   •   (860) 808-0606   •   JURIS NO. 101589

## Foreclosure Complaint (continued)

WHEREFORE, the plaintiff claims:

1. Foreclosure of the Mortgage;
2. Possession of the Property;
3. Money damages against the makers of, or obligors on, the Note described herein and/or their Estates, if deceased, (unless same has been precluded by virtue of a Bankruptcy filing);
4. A reasonable attorney's fee (unless same has been precluded by virtue of a Bankruptcy filing);
5. Interest (unless same has been precluded by virtue of a Bankruptcy filing);
6. Costs of suit (unless same has been precluded by virtue of a Bankruptcy filing);
7. Deficiency Judgment against the makers of, or obligors on, the Note described herein, and/or their Estate, if deceased (unless same has been precluded by virtue of a Bankruptcy filing); and
8. Such other and further relief as the Court may deem just and equitable.

Notice is hereby given to the Defendant(s) that the Plaintiff intends to seek satisfaction of any judgment rendered in its favor in this action out of any debt accruing to said Defendant(s) by reason of their personal services, (unless same has been precluded by virtue of a Bankruptcy filing).

Dated at Hartford, Connecticut on December 17, 2007.

Plaintiff

By

Andrew Barsom, Esq.
Hunt Leibert Jacobson, P.C.
Its Attorneys

03488-00176

HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET ● HARTFORD, CONNECTICUT 06120 ● (860) 808-0606 ● JURIS NO. 101589

## Foreclosure Complaint (continued)

RETURN DATE: JANUARY 08, 2008    :   **SUPERIOR COURT**

ACCREDITED HOME LENDERS, INC.    :   **JUDICIAL DISTRICT OF**
                                                      **WATERBURY**

VS:    :   **AT WATERBURY**
          :

KARL PAUL VOSSBRINCK A/K/A PAUL    :   **DECEMBER 17, 2007**
VOSSBRINCK, ET. AL

### STATEMENT OF AMOUNT IN DEMAND

The amount, legal interest, or property in demand is not less than $15,000.00, exclusive of

interest and costs.

Plaintiff

By _____
     Andrew Barsom, Esq.
     Hunt Leibert Jacobson, P.C.
     Its Attorneys

03488-00176
              HUNT LEIBERT JACOBSON, P.C. • ATTORNEYS AT LAW
    50 WESTON STREET • HARTFORD, CONNECTICUT 06120 • (860) 808-0606 • JURIS NO. 101589

## Foreclosure Complaint (continued)

RETURN DATE: JANUARY 08, 2008 : **SUPERIOR COURT**

ACCREDITED HOME LENDERS, INC. : **JUDICIAL DISTRICT OF WATERBURY**

VS: : **AT WATERBURY**

:

KARL PAUL VOSSBRINCK A/K/A PAUL : **DECEMBER 17, 2007**
VOSSBRINCK, ET. AL

### NOTICE TO HOMEOWNER

If you are a homeowner, under the terms of Conn. Gen. Stat. Section 49-31d, et seq., you are hereby given notice that under those statutes, if you are UNEMPLOYED or UNDER-EMPLOYED you may make application to the Court to which this matter is returnable for relief from foreclosure. You may qualify for relief under those statutes if:

YOU ARE UNEMPLOYED OR UNDER-EMPLOYED, HAVE (FOR A CONTINUOUS PERIOD OF AT LEAST TWO YEARS PRIOR TO THE COMMENCEMENT OF THIS FORECLOSURE ACTION) OWNED AND OCCUPIED THE PROPERTY BEING FORECLOSED AS YOUR PRINCIPAL RESIDENCE AND HAVE NOT RECEIVED AN EMERGENCY MORTGAGE ASSISTANCE LOAN AND HAVE NOT APPLIED FOR EMERGENCY MORTGAGE ASSISTANCE FOR TWO YEARS BEFORE THE APPLICATION UNDER P.A. 93-414. YOU MAY BE ENTITLED TO CERTAIN RELIEF UNDER THESE STATUTES. YOU SHOULD CONSULT AN ATTORNEY TO DETERMINE YOUR RIGHTS UNDER THOSE STATUTES.

In order to qualify for relief under those statutes, you must make application for protection from foreclosure within 25 DAYS of the return date.

03488-00176
HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET ● HARTFORD, CONNECTICUT 06120 ● (860) 808-0606 ● JURIS NO. 101589

Foreclosure Complaint (continued)

# SCHEDULE A

ALL THAT CERTAIN piece or parcel of land, being 24.700 acres, more or less, and shown on a map entitled "MAP OF LAND OF ROLAND L. STEPHEN, ET AL, SOUTHBURY, CT., dated April 1, 1993, Scale 1"100', prepared by Stuart L. Somers, Southbury Connecticut, recorded in the Southbury Land Records as map No. 3020.

03488-00176

HUNT LEIBERT JACOBSON, P.C. ● ATTORNEYS AT LAW
50 WESTON STREET ● HARTFORD, CONNECTICUT 06120 ● (860) 808-0606 ● JURIS NO. 101589

# Lis Pendens

BK: 539   PG:  857

RETURN DATE: JANUARY 08, 2008   :   **SUPERIOR COURT**

ACCREDITED HOME LENDERS, INC.   :   **JUDICIAL DISTRICT OF WATERBURY**

VS:   :   **AT WATERBURY**

KARL PAUL VOSSBRINCK A/K/A PAUL   :   **DECEMBER 17, 2007**
VOSSBRINCK, ET. AL

## LIS PENDENS

Notice is hereby given of the pendency of a civil action between the above-named Plaintiff and against Karl Paul Vossbrinck a/k/a Paul Vossbrinck, Michael A. Daddona, Jr., Mortgage Electronic Registration Systems, Inc. as Nominee for Citibank, Federal Savings Bank, by Writ dated December 17, 2007, and made returnable to the Superior Court for the Judicial District of Waterbury at Waterbury on January 08, 2008, which action is brought, inter alia, to foreclose a certain mortgage from the Defendant(s), Karl Paul Vossbrinck a/k/a Paul Vossbrinck, to Mortgage Electronic Registration Systems, Inc. as Nominee for Accredited Home Lenders, Inc., which mortgage was dated October 19, 2005 and recorded November 15, 2005 in Volume 500 at Page 16 of the Southbury Land Records. Said Mortgage was assigned to Accredited Home Lenders, Inc. by virtue of an Assignment of Mortgage to be recorded on the Southbury Land Records.

In said action, the following items are claimed:

1.   Foreclosure of the Mortgage;
2.   Possession of the Property;

STATE OF CONNECTICUT
COUNTY OF NEW HAVEN        OFFICE OF THE TOWN CLERK

       Southbury, CT        Dec. 20, A.D. 2007

I, Geraldine B. DeVoid, Assistant Town Clerk of said Southbury, duly appointed and qualified according to law and having custody of the seal of said Town of Southbury, hereby certify that the annexed instrument is a true copy from the records of said Town, and that the original instrument from which said copy is taken is recorded on PAGE 857 - 859    VOLUME 539

SOUTHBURY LAND RECORDS

In Testimony Whereof, I have hereunto set my hand and affixed the seal of said Town of Southbury,
                    AD 2007
This 20th day of   December

           Geraldine B. DeVoid     Assistant Town Clerk

# Assignment of Mortgage

**EXHIBIT**
**4**

BK: 544 PG: 202

### ASSIGNMENT OF MORTGAGE

LOAN NUMBER 0510125347

KNOW YE THAT **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. AS NOMINEE FOR ACCREDITED HOME LENDERS, INC.**, ("Assignor"), having an office and place of business at 3300 SW 34th Avenue, Suite 101, Ocala, FL 34474 for the consideration of One Dollar and other valuable considerations, does hereby assign to **ACCREDITED HOME LENDERS, INC.**, ("Assignee"), having an address of 16550 West Bernardo Drive, Building 1, San Diego, CA 92127, its successors, and assigns forever, all the right, title, interest, claim, and demand whatsoever as the said Assignor has or ought to have in or to a certain mortgage from Karl Paul Vossbrinck a/k/a Paul Vossbrinck to Mortgage Electronic Registration Systems, Inc. as Nominee for Accredited Home Lenders, Inc. dated October 19, 2005 and recorded on November 15, 2005 in Volume 500 at Page 16 of the Southbury Land Records, in or to the property described in said mortgage deed situated in the Town of Southbury, County of New Haven and State of Connecticut, without warranty or representation by, or recourse to, said Assignor.

TO HAVE AND TO HOLD the premises, with all the appurtenances, unto the said Assignee, its successors and assigns forever, so that neither the Assignor nor its successors, nor any other person under it or them shall hereafter have any claim, right or title in or to the premises, or any part thereof; but therefrom it is and they are by these presents forever barred and secluded.

IN WITNESS WHEREOF, on the 21st day of February, 2008, said corporation has caused this deed to be executed and delivered, and its corporate seal to be hereto affixed in its behalf by Jeffrey M. Knickerbocker, who is duly authorized and empowered.

Signed, sealed and delivered
In the presence of:

*Margaret L. Breen*
Margaret L. Breen

Donna N. Spangler

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. AS
NOMINEE FOR ACCREDITED HOME
LENDERS, INC.

By
Jeffrey M. Knickerbocker
Its Asst. Secretary and Vice President

STATE OF CONNECTICUT

COUNTY OF HARTFORD

: ss, Hartford

On this 21st day of February, 2008, before me personally came Jeffrey M. Knickerbocker to me known, who being by me duly sworn, did depose and say that he is a Assistant Secretary and Vice President of MERS, which executed the above instrument: that he knows the seal of said corporation: that the seal affixed to said instrument is such corporate seal, that it was so affixed by order of the Board of Directors of said corporation, and that he signed his name thereto by means of electronic process by like order acknowledged.

*Margaret L. Breen*
Margaret L. Breen
Notary Public
My Commission Expires: 03/31/2009

**PROPERTY:**
467 Barkshire Road
Southbury, CT 06488
Vossbrinck
File 03488-00176

RECORDED SOUTHBURY LAND RECORDS
ON Apr. 07, 2008 AT 02:14 PM
VOL. 544 PAGE 202 BY
Rosemary E. Addle Town Clerk

Page 18

# Affidavit

| | |
|---|---|
| DOCKET NO. UWY-CV-08-5007144-S | : SUPERIOR COURT |
| ACCREDITED HOME LENDERS, INC. [DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ACCREDITED MORTGAGE LOAN TRUST 2005-4 ASSET BACKED NOTES - SUBSTITUTED PLAINTIFF] | : JUDICIAL DISTRICT OF WATERBURY |
| V. | : AT WATERBURY |
| KARL PAUL VOSSBRINCK A/K/A PAUL VOSSBRINCK, *ET AL.* | : |

### AFFIDAVIT IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT

STATE OF **UTAH**       :

                     :      SS.                     2010

COUNTY OF **SALT LAKE**

The undersigned, being duly sworn, hereby deposes and says as follows:

1.    I am over the age of 18 years and understand the meaning and obligation of

an oath. I hereby depose, state, and swear that the foregoing facts are true and accurate

to the best of my knowledge and belief.

THIS LAW FIRM IS A DEBT COLLECTOR. ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

## Affidavit (continued)

2.      I am an authorized signer on behalf of Select Portfolio Servicing, Inc., duly authorized loan servicing agent of Plaintiff. In this capacity as a Document Control officer I am personally familiar with and have personal knowledge of the books and records of Karl Paul Vossbrinck a/k/a Paul Vossbrinck and the Plaintiff, as they apply to the account of the Defendant, Karl Paul Vossbrinck a/k/a Paul Vossbrinck, including but not limited to payment histories, loan histories, servicing records, and default notices. The books and records of Select Portfolio Servicing, Inc., and the Plaintiff are kept in the ordinary course of business and said books and records were made at or about the time described.

3.      On October 19, 2005 the Defendant, Karl Paul Vossbrinck a/k/a Paul Vossbrinck, executed and delivered a Note in the original principal amount of $575,000.00 to Mortgage Electronic Registration Systems, Inc. as Nominee for Accredited Home Lenders, Inc. A true and accurate copy of the Note is attached as Exhibit A.

4.      On October 19, 2005 the Defendant, Karl Paul Vossbrinck a/k/a Paul Vossbrinck, conveyed by Mortgage Deed their interest in certain real property known as 487 Berkshire Road, Southbury, Connecticut to Mortgage Electronic Registration Systems, Inc. as Nominee for Accredited Home Lenders, Inc. The mortgage was recorded on November 15, 2005 in Volume 500 at Page 16 in the Southbury Land Records. A true and accurate copy of the Mortgage is attached hereto as Exhibit B.

2

## Affidavit (continued)

5. Said Mortgage was thereafter assigned to Accredited Home Lenders, Inc. by virtue of an assignment of mortgage recorded in Volume 544 at Page 202 of the Southbury Land Records. Said Mortgage was thereafter assigned to Deutsche Bank National Trust Company, as indenture trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes by virtue of an assignment of mortgage recorded in Volume 573 at Page 236 of the Southbury Land Records. True and accurate copies of each said assignment are attached hereto as Exhibit C. Plaintiff in this action, Deutsche Bank National Trust Company, as indenture trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes, is the holder of said note and mortgage.

6. Pursuant to the terms of the Note and Mortgage, the Defendant was to make principal and interest payments on the first day of each month beginning on December 1, 2005 and each and every month thereafter until the maturity date of November 1, 2035.

7. The Defendant has failed to make monthly mortgage payments as required by the loan documents since the payment due for July 01, 2007 and for each and every month thereafter.

8. The Defendant is in default under the loan documents for failure to make payments as required by the terms of the Note and Mortgage.

3

## Affidavit (continued)

9.     The Defendant was duly notified in writing by the Plaintiff in accordance with the terms of the Note and Mortgage of the default and that the failure to cure the default may result in acceleration of the debt. The Defendant has failed and neglected to cure the default. A true and accurate copy of the default letter is attached hereto as Exhibit D.

10.     Thereafter the Note was accelerated and the remaining unpaid principal balance, plus interest, attorney's fees and costs are due and owing to the Plaintiff.

11.     Based upon my review of the books and records of this account, the following sums are due and owing from the Defendant to the Plaintiff:

| | |
|---|---|
| Principal Balance | $564,626.93 |
| Interest from June 01, 2007 to 8/6/2010 | $114,357.27 |
| @ 6.500 % APR | |
| Hazard Insurance | 0.00 |
| Mortgage Insurance Premium | 0.00 |
| Escrow | $28,979.80 |
| Pre-Acceleration Late Charges | $3,925.08 |
| Other | 0.00 |
| TOTAL: | $711,889.08 |

4

# Affidavit (continued)

12.   The interest rate as of the date of this Affidavit is 6.500% per annum.

13.   The Per Diem rate of interest after 8/6/2010 is $96.23

14.   Plaintiff is the owner and holder of the Note and Mortgage.

15.   Plaintiff has been forced to incur attorney's fees and costs to collect this indebtedness.

16.   Plaintiff has satisfied any and all conditions precedent to enforcing this instrument.

17.   I submit this Affidavit in support of the Plaintiff's Motion for Summary Judgment.

18.   I hereby swear and state that the foregoing facts are true and accurate to the best of my knowledge and belief.

Subscribed and sworn to me this _19th_ day of _July_, 2010.

Deutsche Bank National Trust Company, as
indenture trustee, on behalf of the holders
of the Accredited Mortgage Loan Trust
2005-4 Asset Backed Notes

By:   Select Portfolio Servicing, Inc. as Attorney in Fact

By: _____ **TROY NOBLE** _____,
Its: _____ **Document Control Officer** _____.

5

## Affidavit (continued)

STATE OF  Utah  )

                 SS:_____

COUNTY OF  Salt Lake  )

      Subscribed and sworn to before me on this _20_ day of _July_____, 2010, before me, the undersigned officer, personally appeared, _Troy Noble_____ who acknowledged himself/herself to be the _Loss Control Officer_____ of Select Portfolio Servicing, Inc., duly authorized loan servicing agent of Deutsche Bank National Trust Company, as indenture trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes, and that s/he, as such officer, being authorized to do, executed the foregoing instrument for the purposes therein contained and subscribed, swore and acknowledged the same to be his/her free act and deed and the free act and deed of Select Portfolio Servicing, Inc., on behalf of Deutsche Bank National Trust Company, as indenture trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes.

      IN WITNESS THEREOF, I hereunto set my hand.

                                    Notary Public

                                    My Commission Expires: __JUL 2 0 2013__

03488-00176
Vossbrinck, Paul

Michael Douglas Brooks
Notary Public State of Utah
My Commission Expires on:
July 20 2013

Michael Douglas Brooks
Notary Public State of Utah
My Commission Expires on:
July 20, 2013
Comm. Number: 579591

6

## Motion to Set Aside Foreclosure

| | | |
|---|---|---|
| DOCKET NO. UWY-CV-08-5007144-S | : | SUPERIOR COURT |
| ACCREDITED HOME LENDERS, INC. [DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ACCREDITED MORTGAGE LOAN TRUST 2005-4 ASSET BACKED NOTES, | : | J.D. OF WATERBURY |
| SUBSTITUTED PLAINTIFF] V. | : | AT WATERBURY |
| KARL PAUL VOSSBRINCK, A/K/A PAUL VOSSBRINCK, et al | : | MARCH 9, 2012 |

### DEFENDANT'S MOTION AND REQUEST TO SET ASIDE JUDGEMENT OF STRICT FORECLOSURE PURSUANT TO CONNECTICUT PRACTICE BOOK 52-197

Similar to the Federal Rules of Civil Procedure 60(b), Defendant Karl Paul Vossbrinck moves

the court for Relief from Judgment because of an oversight by the Court prior to the court's

granting a Judgment and Order for a Motion for Strict Foreclosure.

1. On October 9th 2009 the Defendant in the above captioned matter filed a

   counterclaim, attached hereto.

2. On November 3rd 2009 the Defendant filed a preliminary request for production and

   disclosure, attached hereto.

3. On February 19, 2010 the Plaintiff filed a response to the Defendant's request for

   production completely denying the Defendant any of the requested information.

4. On March 1, 2010 the Defendant filed a Reply to the Plaintiff's refusal to supply the

   requested information to the Defendant, attached hereto.

5. The court failed to rule on the Defendant's request and the Court's failure to do so

   completely thwarted the Defendant's ability to prepare an adequate Defense or a

   robust offense in the counterclaim.

## Motion to Set Aside Foreclosure (continued)

The Defendant in the above captioned matter humbly requests that the court set aside the

Judgment of Strict Foreclosure and direct the Plaintiff to provide the Defendant with the

requested documentation.

By:
Karl Paul Vossbrinck, Pro-se
487 Berkshire Road
Southbury, CT 06488

### CERTIFICATION

The Defendant in the above captioned matter hereby submits the counsel for the Plaintiff was

duly served by email and attachments on the above captioned date.

By:
Karl Paul Vossbrinck, Pro-se
487 Berkshire Road
Southbury, CT 06488

## Judge Taylor's Memorandum

ORDER 422392

DOCKET NO: UWYCV085007144S      SUPERIOR COURT

ACCREDITED HOME LEND      JUDICIAL DISTRICT OF WATERBURY
V.      AT WATERBURY
VOSSBRINCK,KARL,PAUL ET AL

3/27/2012

### ORDER

ORDER REGARDING:
03/16/12 171.00 MEMORANDUM IN OPPOSITION TO MOTION

copy of order sent to all appearing parties;

The foregoing, having been considered by the Court, is hereby:

ORDER: DENIED

The "power of the court to vacate a judgment for fraud is regarded as inherent and independent of statutory provisions authorizing the opening of judgments; hence judgments obtained by fraud may be attacked at any time." Kenworthy v. Kenworthy, 180 Conn. 129, 131, 429 A.2d 837 (1980).

"Our courts have made clear, however, that while fraud may be grounds for collateral attack on a judgment of strict foreclosure by an independent action in equity, fraud is not grounds for opening a judgment after title has become absolute in an encumbrancer." Merry-Go-Round Enterprises, Inc. v. Molnar, supra, 10 Conn.App. 162 n. 1. See also Hoey v. Investors' Mortgage & Guaranty Co., 118 Conn. 226, 230-31, 171 A. 438 (1934); City Savings Bank of Bridgeport v. Miko, 1 Conn.App. 30, 34 n. 2, 467 A.2d 929 (1983).

Therefore, even where the mortgagee's alleged conduct may be outrageous and unconscionable the only relief that can be obtained by the plaintiffs is through the medium of an independent action. East Hartford v. Miller, 27 Conn.Supp. 503, 507, 245 A.2d 396 (1968). See People's Bank v. Lemdon 1999 WL 27170, 3 (Conn.Super.) (Conn.Super.,1999)

Based upon the procedural history of this case, the court concludes that title has vested in the plaintiff as the result of a judgement of strict foreclosure and that the time for and appeal has elapsed. Therefore, the court lacks jurisdiction to open the judgment of strict foreclosure pursuant to General Statutes section 49-15 (a) (1). Although a statutory exception was added to the statute in 2009 and errors may be corrected under some limited circumstances pursuant to the equitable powers of the court, J & E Investment Co., LLC v. Athan, 131 Conn App. 471,482 (2011), none of these exceptions apply.

422392

Judge: MARK H TAYLOR

UWYCV085007144S    3/27/2012                Page 1 of 1

## Plaintiff's Complaint

| | | |
|---|---|---|
| DOCKET NO. _____ | : | SUPERIOR COURT |
| KARL PAUL VOSSBRINCK, A/K/A<br>PAUL VOSSBRINCK, et al | : | J.D. OF WATERBURY |
| V. | : | AT WATERBURY |
| ACCREDITED HOME LENDERS, INC.<br>[DEUTSCHE BANK NATIONAL TRUST<br>COMPANY, AS INDENTURE TRUSTEE,<br>ON BEHALF OF THE HOLDERS OF THE<br>ACCREDITED MORTGAGE LOAN TRUST<br>2005-4 ASSET BACKED NOTES,<br>SUBSTITUTED PLAINTIFF] | :<br><br>:<br><br>: | APRIL 9, 2012 |

### COMPLAINT

**FIRST COUNT**

1. The Plaintiff, Karl Paul Vossbrinck, resides at 487 Berkshire Road, Southbury, Connecticut 06488.

2. On or about October 19th, 2005 the Plaintiff executed and delivered a Note to Accredited Home Lenders, Inc. in the original principal amount of $575,000.

3. On or about October 19th, 2005 the Plaintiff executed and delivered to Mortgage Electronic Registration Systems, Inc. as nominee for Accredited Home Lenders, Inc. a mortgage on the property situated in the Town of Southbury, County of New Haven and State of Connecticut known as 487 Berkshire Road. (Exhibit 1)

4. On December 17th, 2007 a LIS PENDENS was filed stating that said mortgage was assigned to Accredited Home Lenders, Inc. by virtue of an Assignment of Mortgage to be recorded on the Southbury Land Records. (Exhibit 3)

1

## Plaintiff's Complaint (continued)

**SECOND COUNT**

5.  On December 17th, 2007, a Foreclosure Complaint was filed by the Defendant against the Plaintiff. Line 5 of the complaint reads as such, "Said Note is in default and the Plaintiff, Accredited Home Lenders, Inc. as the holder of said Mortgage and Note has elected to accelerate the balance due on said Note, to declare said Note to be due in full and to foreclose the Mortgage securing the loan." (Exhibit 2) Aforementioned is a Negligent Misrepresentations of Material Facts in that Accredited Home Lenders, Inc was not the holder of the Mortgage and the Note when the foreclosure action was initiated.

6.  On February 21st, 2008, approximately 71 days after said foreclosure action had been initiated an Assignment of Mortgage was made from Mortgage Electronic Registration Systems, Inc. to Accredited Home Mortgage Lenders, Inc. and was recorded on the Southbury Land Records on April 7th, 2008. (Exhibit 4)

7.  Said Assignment of Mortgage was endorsed and sworn to by Jeffrey M. Knickerbocker as Assistant Secretary and Vice President of Mortgage Electronic Registration Systems, Inc.

8.  Said Assistant Secretary and Vice President of Mortgage Electronic Registration Systems, Inc. is employed by Hunt Leibert Jacobson, P.C. who had made an Appearance for the Defendant Accredited Home Lenders, Inc. in its Foreclosure Action.

9.  The LIS PENDENS dated December 17th, 2007 and filed by the defendant contains Negligent Misrepresentations of Material Facts in that Accredited Home Lenders, Inc was not the holder of the Mortgage and the Note. (Exhibit 3)

2

## Plaintiff's Complaint (continued)

10. The original Foreclosure Complaint dated December 17th, 2007 and filed by the defendant contains Negligent Misrepresentations of Material Facts in that Accredited Home Lenders, Inc was not the holder of the Mortgage and the Note when the foreclosure action was initiated. (Exhibit 2)

11. The Amended Foreclosure Complaint dated 2/27/2009 and filed by the Defendant contains Negligent Misrepresentations of Material Facts in that Accredited Home Lenders, Inc was not the holder of the Mortgage and the Note when the foreclosure action was initiated.

12. The Motion to Substitute Plaintiff dated January 27th, 2010 and filed by the defendant contains Negligent Misrepresentations of Material Facts in that Accredited Home Lenders, Inc was not the holder of the Mortgage and the Note when the foreclosure action was initiated.

13. An Affidavit of Facts dated June 27th, 2011 submitted by the Defendant contains Negligent Misrepresentations of Material Facts in that Accredited Home Lenders, Inc was not the holder of the Mortgage and the Note when the foreclosure action was initiated. (Exhibit 6) along with an unsigned copy of a HUD 1 settlement statement filed with the Town of Southbury Land Records on August 4th, 2011.

14. A Memorandum in Opposition of Motion to Open a Judgment filed by the Defendant on March 27th, 2012 contains Negligent Misrepresentations of Material Facts in that Accredited Home Lenders, Inc was not the holder of the Mortgage and the Note when the foreclosure action was initiated.

3

# Plaintiff's Complaint (continued)

15. The Defendant was neither the Holder of the Note, the Holder of the Mortgage or the Servicer of the Mortgage when the foreclosure action had commenced against the Plaintiff.

Since the Defendant lacked standing to foreclose the Court was without subject matter jurisdiction. Deutsche Bank Nat'l Trust Co. v. Steele, 2008 WL 111227 (S.D. Ohio) January 8, 2008. U.S. Bank, N.A. v. Cook, 2009 WL 35286 (N.D. Ill. January 6, 2009). In Cook Under UCC Article 3, the evidence presented in Cook was clearly insufficient. HSBC Bank USA, N.A. v. Valentin, 21 Misc. 3D 1124(A), 2008 WL 4764816 (Table) (N.Y. Sup.) November 3, 2008. In Valentin, the New York court found that, even though given an opportunity to, HSBC did not show the ownership of debt and mortgage. The complaint was dismissed with prejudice and the "notice of pendency" against the property was canceled. Nosek v. Ameriquest Mortgage Company (In re Nosek), 286 Br. 374 (Bankr D Mass. 2008). Wells Fargo Bank, N.A. v Farmer 2008 NY Slip Op 50199(U) [18 Misc 3d 1124(A)] Decided on February 4, 2008 Supreme Court, Kings County Schack, J.

Crane v. Loomis, 128 Conn. 697, 700, 25 A.2d 650;  Hoey v. Investors.

In Wells Fargo Bank, N.A. v. Byrd *supra* "In a foreclosure action, a bank that was not the mortgagee when suit was filed cannot cure the lack of standing by subsequently obtaining an interest in the mortgage". (Exhibit 5)

Mortgage & Guaranty Co., 118 Conn. 226, 230, 171 A. 438.  The complaint made by the Plaintiff, in which overwhelming justice appears to be on their side, can only be determined by **398 an independent equitable action seeking to open the judgment of

4

## Plaintiff's Complaint (continued)

strict foreclosure and grant relief from its operation. If the herein Plaintiff brings such an independent action, there is little question that relief should be available to him.

Wherefore the Plaintiff claims for fraud, negligent misrepresentations of facts, materially false statements to the Court and lack of standing to foreclose upon said property hereby seeks:

1. Clear Quiet Title to said Property unencumbered.

2. Immediate tender of the property to the plaintiff.

3. Costs to the Plaintiff for reasonable attorney's fees and court costs.

4. Punitive money damages as deemed appropriate by the court.

5. Any and all other remedies, as the court deems appropriate.

6. Sanctions against all attorneys individually and the law firms they are associated with who made appearances on behalf of the Defendant.

7. Sanctions against Accredited Home Mortgage, Inc.

8. Sanctions against Deutsche Bank National. Trust Company.

9. Declaratory Relief.

April 9, 2012

_____

By Karl Paul Vossbrinck Pro-Se

5

## Petition for Removal to District Court

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
---------------------------------------------------------------X
KARL PAUL VOSSBRINCK, A/K/A PAUL
VOSSBRINCK,, et al.                                    Civil Action No.:

      V.

ACCREDITED HOME LENDERS, INC.
[DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS INDENTURE TRUSTEE
ON BEHALF OF THE HOLDERS OF THE
ACCREDITED MORTGAGE LOAN TRUST
2005-4 ASSET BACKED NOTES,
SUBSTITUTED PLAINTIFF]
---------------------------------------------------------------X

### PETITION FOR REMOVAL

    Pursuant to 28 U.S.C. Sections 1332, 1441 and 1446, and without waiving any rights or

defenses, defendant Deutsche Bank National Trust Company, as Indenture Trustee on behalf of

the Holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes, Substituted

Plaintiff (hereinafter "DB," collectively with defendant Accredited Home Lenders, Inc., the

"Defendants"), by its counsel, Eckert Seamans Cherin & Mellott, LLC, hereby files the within

Petition for Removal (the "Petition") from the Superior Court, Judicial District of Waterbury, to

the United States District Court for the District of Connecticut pursuant to 28 U.S.C. § 1441, and

states the following in support of this Petition:

### I. THE STATE COURT ACTION

    1. Plaintiff Karl Paul Vossbrinck, a/k/a Paul Vossbrinck commenced an action against

Defendants in the Superior Court, Judicial District of Waterbury, on or about April 10, 2012 by

filing a Summons and Complaint. The action, which bears Docket Number CV-125016343-S, is

1

## Petition for Removal to District Court (continued)

styled as follows: *Karl Paul Vossbrinck, a/k/a Paul Vossbrinck, et al. v. Accredited Home Lenders, Inc. [Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the Holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes, Substituted Plaintiff]*. A true and correct copy of the Summons and Complaint is annexed hereto as Exhibit "A."

2. On April 12, 2012, Plaintiff, through the State Marshal, served Defendant DB with a copy of the Summons and Complaint. A true and correct copy of the Officer's Return upon Defendants is annexed hereto as Exhibit "B".

3. Plaintiff thereafter filed a Motion for a Temporary Restraining Order (the "TRO") dated April 17, 2012. A true and correct copy of the TRO is annexed hereto as Exhibit "C." No other documents have been filed with the Clerk of the Superior Court, Judicial District of Waterbury, to date, and none have been received by defendant DB.

### IN DEFENDANT'S RECEIPT OF THE SUMMONS AND COMPLAINT

4. Plaintiff, appearing *pro se*, served defendant DB with process by mailing a copy of the Summons and Complaint by certified mail, return receipt requested to the following addresses:

> Secretary
> Deutsche Bank National Trust Co, as Indenture Trustee
> 3 Park Plaza, 16th Floor
> Irvine, California 92614
>
> Secretary
> Deutcshe Bank National Trust Co.
> 1761 East Street
> Andrew Place, 2nd Floor
> Santa Ana, California 92705

5. Defendant DB received the Summons and Complaint on April 16, 2012.

2

Petition for Removal to District Court (continued)

10. The original Foreclosure Complaint dated December 17th, 2007 and filed by the defendant contains Negligent Misrepresentations of Material Facts in that Accredited Home Lenders, Inc was not the holder of the Mortgage and the Note when the foreclosure action was initiated. (Exhibit 2)

11. The Amended Foreclosure Complaint dated 2/27/2009 and filed by the Defendant contains Negligent Misrepresentations of Material Facts in that Accredited Home Lenders, Inc was not the holder of the Mortgage and the Note when the foreclosure action was initiated.

12. The Motion to Substitute Plaintiff dated January 27th, 2010 and filed by the defendant contains Negligent Misrepresentations of Material Facts in that Accredited Home Lenders, Inc was not the holder of the Mortgage and the Note when the foreclosure action was initiated.

13. An Affidavit of Facts dated June 27th, 2011 submitted by the Defendant contains Negligent Misrepresentations of Material Facts in that Accredited Home Lenders, Inc was not the holder of the Mortgage and the Note when the foreclosure action was initiated. (Exhibit 6) along with an unsigned copy of a HUD 1 settlement statement filed with the Town of Southbury Land Records on August 4th, 2011.

14. A Memorandum in Opposition of Motion to Open a Judgment filed by the Defendant on March 27th, 2012 contains Negligent Misrepresentations of Material Facts in that Accredited Home Lenders, Inc was not the holder of the Mortgage and the Note when the foreclosure action was initiated.

3

## Petition for Removal to District Court (continued)

### IV. GROUNDS FOR REMOVAL

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, which provides in pertinent

part:

> (a) The district courts shall have original jurisdiction of all civil
> actions where the matter in controversy exceeds the sum or value
> of $75,000, exclusive of interest and costs, and is between – (1)
> citizens of different States.

28 U.S.C. § 1332 (a).

### *The Amount in Controversy Exceeds $75,000*

10. Plaintiff's Summons seeks, among other things, to quiet title to said Property and

immediate tender of the Property to Plaintiff.

11. A party may assert an amount in controversy if the initial pleading seeks nonmonetary

relief. 22 U.S.C. § 1446 (c)(2)(A)(i). As pled by Plaintiff in his Complaint, the amount of the

note Plaintiff made, executed and delivered on the Property was in the principal amount of

$575,000. (Exhibit "A" at ¶ 2). The Property, encumbered by this loan, is the subject of the

underlying state court Complaint. (*See id.* at ¶¶ 2-3). On the face of the Complaint, the amount

is controversyexceeds the amount required under 28 U.S.C. § 1332.

### *Diversity of Citizenship Exists*

12. Defendant Accelerated is a citizen of the State of California by virtue of the fact it is

incorporated under the laws of the State of California and maintains its principal place of

business in California. Defendant DB is a citizen of the State of California by virtue of the fact it

is incorporated under the laws of the State of California and maintains its principal place of

business in California. Plaintiff is a citizen of the State of Connecticut by virtue of the fact he

resides in and is a citizen of the State of Connecticut.

4

## Petition for Removal to District Court (continued)

13. Therefore, given that the amount in controversy exceeds the required threshold, this Court has original, diversity jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332 given that the Plaintiff and Defendants are citizens of different states, and the action is thus removable to this Court pursuant to 28 U.S.C. § 1441.

14. This Petition is being filed within thirty (30) days of the receipt of the Summons and Complaint in this action served upon Defendants.[2]

### DEFENDANT DB MAY REMOVE THE CASE AT THIS TIME

15. Any legal action cannot be taken against Defendant Accredited at this time due to, *inter alia*, an automatic stay that has been in place since Defendant Accredited filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court District of Delaware, Docket Number 09-11517, on May 1, 2009. Unless a court orders otherwise, the automatic stay which arises under the United States Bankruptcy Code Section 362(a) stays the proceedings of any legal action in which defendant Accredited has been named until such time as the bankruptcy petition has been resolved.[3]

16. By virtue of the fact Defendant Accredited is protected by the automatic stay and cannot be named a party to the instant action, upon information and belief, Defendant Accredited has not been properly served with process of the Plaintiff's Complaint filed in the Superior Court, Judicial District of Waterbury.

---

[2] Plaintiff commenced a separate action in this Court on August 17, 2011 bearing Docket Number 3:11-cv-01312 WWE and captioned: *Karl Paul Vossbrinck v. Accredited Home Lenders, Inc. [Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the Holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes, Substituted Plaintiff]*. On February 21, 2012, the action was dismissed for Plaintiff's lack of prosecution under Federal Rule of Civil Procedure 41. Plaintiff filed a Motion to Reopen the case on March 1, 2012. No decision on Plaintiff's motion has been decided as of this date.

[3] Moreover, Defendant Accredited may not be a proper party because after the commencement of the foreclosure action, defendant Accredited assigned the note and mortgage to defendant DB pursuant to a Corporate Assignment of Mortgage and became legal owner and holder thereof. The basis of the underlying action arises from the note and mortgage, which are currently owned by defendant DB.

5

## Petition for Removal to District Court (continued)

17. If and when the bankruptcy stay is lifted and Defendant Accredited is properly served, Defendant DB will attempt to secure Accredited's consent to removal and will amend this Petition for Removal accordingly pursuant to the provisions of 28 U.S.C. § 1446(b)(2)(A) which requires the consent of all defendants to remove an action to a federal district court.

### V. A NOTICE OF REMOVAL IS BEING FILED IN THE STATE COURT ACTION

18. Pursuant to 28 U.S.C. § 1446(d), a copy of this Petition is being filed with the clerk of the Superior Court, Judicial District of Waterbury. A copy of the foregoing Notice, together with a Affidavit of Service upon Plaintiff, is annexed hereto as Exhibit "D".

19. Moreover, a copy of the Defendant DB's Statement Required by the Court's Standing Order on Removed Cases and Rule 7.1 Disclosure Statement, and Notice of Pending Motions, together with this Petition, are being served contemporaneously herewith upon Plaintiff, who is appearing *pro se*, and who is the only other party. *See* Ex. "E".

WHEREFORE, pursuant to 28 U.S.C. Sections 1332, 1441 and 1446, defendant DB hereby removes this action to the United States District Court for the District of Connecticut.

Dated: White Plains, New York
April 27, 2012

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

By: _____
Geraldine A. Cheverko (ct22534)
10 Bank Street, Suite 700
White Plains, New York 10606
*Attorneys for Defendant*
Deutsche Bank National Trust Company, as Indenture Trustee on behalf of the Holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes, Substituted Plaintiff

6

# Petition for Removal to District Court (continued)

## CERTIFICATE OF SERVICE

I, Geraldine A. Cheverko, hereby certify that the Petition for Removal with all attendant exhibits was served on April 27, 2012, via regular United States Mail:

Karl Paul Vossbrinck
487 Berkshire Road
Southbury, CT 06488

Accredited Home Lenders, Inc.
9915 Mira Mesa Blvd.
Suite 120
San Diego, CA 92131

Geraldine A. Cheverko

{V0060954.1}

## Petition for Removal to District Court (continued)

DOCKET NUMBER: UWY-CV12-5016343-S

---------------------------------------------------------------------

KARL PAUL VOSSBRINCK, A/K/A PAUL
VOSSBRINCK,, et al.

      V.

ACCREDITED HOME LENDERS, INC.
[DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS INDENTURE TRUSTEE
ON BEHALF OF THE HOLDERS OF THE
ACCREDITED MORTGAGE LOAN TRUST
2005-4 ASSET BACKED NOTES,
SUBSTITUTED PLAINTIFF]

---------------------------------------------------------------------

SUPERIOR COURT

JUDICIAL DISTRICT OF
WATERBURY
AT WATERBURY

Return Date: May 1, 2012

### NOTICE OF FILING OF PETITION FOR REMOVAL

TO:    Karl Paul Vossbrinck, a/k/a Paul Vossbrinck
        487 Berkshire Road
        Southbury, Connecticut 06488

        Accredited Home Lenders, Inc.
        9915 Mira Mesa Blvd.
        Suite 120
        San Diego, CA 92131

        Clerk
        Judicial District of Waterbury
        300 Grand Street
        Waterbury, Connecticut 06702

      PLEASE TAKE NOTICE that the within is a true and complete copy of the Petition for Removal and supporting documents filed with the Office of the Clerk of the United States District Court for the District of Connecticut on April 27, 2012.

Petition for Removal to District Court (continued)

Dated: White Plains, New York
   April 27, 2012

      ECKERT SEAMANS CHERIN & MELLOTT, LLC

      By: _____
        Geraldine A. Cheverko (418503)
      10 Bank Street, Suite 700
      White Plains, New York 10606
      *Attorneys for Defendant*
      Deutsche Bank National Trust Company, as Indenture
      Trustee on behalf of the Holders of the Accredited
      Mortgage Loan Trust 2005-4 Asset Backed Notes,
      Substituted Plaintiff

## Petition for Removal to District Court (continued)

### CERTIFICATE OF SERVICE

I, Geraldine A. Cheverko, hereby certify that the Notice of Filing of Petition for Removal with all attendant exhibits was served on April 27, 2012, via regular United States Mail:

Karl Paul Vossbrinck
487 Berkshire Road
Southbury, CT 06488

Accredited Home Lenders, Inc.
9915 Mira Mesa Blvd.
Suite 120
San Diego, CA 92131

Geraldine A. Cheverko

{V0060954.1}

Motion to Consolidate

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------X

KARL PAUL VOSSBRINCK, A/K/A PAUL
VOSSBRINCK., et al.

      V.

ACCREDITED HOME LENDERS, INC.
[DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS INDENTURE TRUSTEE
ON BEHALF OF THE HOLDERS OF THE
ACCREDITED MORTGAGE LOAN TRUST
2005-4 ASSET BACKED NOTES,
SUBSTITUTED PLAINTIFF]

-------------------------------------------------------------X

Civil Action No.:
3:11-cv-01312-WWE

**MOTION TO CONSOLIDATE
AND FOR AN EXTENSION
OF TIME TO FILE A
RESPONSE TO PLAINTIFF'S
COMPLAINT**

      Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE

TRUSTEE ON BEHALF OF THE HOLDERS OF THE ACCREDITED MORTGAGE LOAN

TRUST 2005-4 ASSET BACKED NOTES, SUBSTITUTED PLAINTIFF, ("Deutsche Bank as

Trustee") by its attorneys Eckert Seamans Cherin & Mellot, LLC, respectfully requests the Court

to consolidate this action with the current action before the Honorable Judge Mark R. Kravitz,

docket no. 12-cv-00637-MRK, pursuant to Rule 42 of the Federal Rules of Civil Procedure.  In

both actions Vossbrinck seeks to reverse the foreclosure and transfer of title of the property

located at 487 Berkshire Road, Southbury, Connecticut.  The two actions involve common

questions of fact and law.  Deutsche Bank as Trustee also requests an Order granting it an

extension of time to file a response to the Complaint of Plaintiff Karl Paul Vossbrinck, a/k/a Paul

Vossbrinck ("Vossbrinck", "Plaintiff"), stating as follows:

### MOTION TO CONSOLIDATE

      1.    On August 8, 2011, Vossbrinck filed a Complaint in the United States District

Court for the District of Connecticut against Deutsche Bank as Trustee and is currently before

{K0473604.1}

## Motion to Consolidate (Continued)

this Court as Civil Action No. 3:11-cv-01312 ("Action #1").

2.      In Action #1, Vossbrinck makes allegations against Deutsche Bank as Trustee concerning the foreclosure of the property commonly referred to as 487 Berkshire Road, Southbury, Connecticut (the "Property"), seeks a preliminary injunction preventing the sale of the Property, and seeks to have the foreclosure reversed.

3.      On February 21, 2012, the Court dismissed Vossbrinck's complaint in Action #1 for failure to prosecute.  The Court granted Vossbrinck's motion to reopen the case on May 23, 2012.[1]

4.      On or about April 10, 2012, Vossbrinck filed a Summons and Complaint against Deutsche Bank as Trustee in the Connecticut Superior Court, Judicial District of Waterbury ("Action #2").  On April 27 2012, Deutsche Bank as Trustee removed the complaint to the United States District Court for the District of Connecticut, Civil Action No. 3:12-cv-00637.  At the time of removal, Deutsche Bank as Trustee filed in Action #2 a Notice of Pending Motions notifying the court of the status of Action #1.  Action #2 is currently before the Honorable Judge Mark R. Kravitz.

5.      In Action #2, Vossbrinck makes allegations against Deutsche Bank as Trustee over the foreclosure of the Property, seeks a preliminary injunction preventing the sale of the Property, and seeks to have the foreclosure reversed.

6.      Both actions involve the same parties, the same Property, and both seek to reverse the same foreclosure proceeding and sale.  In both actions, Vossbrinck alleges misrepresentation and seeks to re-litigate title to the property which was properly granted to Deutsche Bank as Trustee by strict-foreclosure following a state court proceeding.  Deutsche Bank as Trustee's

---

[1] Deutsche Bank as Trustee objects to personal jurisdiction on the grounds that the summons was

{K0473604.1}                                     2

# Motion to Consolidate (Continued)

defenses in both actions include, among other things, the doctrine of collateral estoppel and *res judicata*.

      7.    Consolidation would serve judicial economy and prevent inconsistent rulings. Consolidation would also minimize the unnecessary expenditure by the parties that would inevitably result if motion practice, discovery, and trial were to proceed separately.

### MOTION FOR AN EXTENSION OF TIME
### TO FILE A RESPONSE TO PLAINTIFF'S COMPLAINT

      1.    In light of Deutsche Bank as Trustee's Motion to Consolidate, as well as the fact this case was reopened on May 23, 2012, following dismissal on February 21, 2012 for lack prosecution, Deutsche Bank as Trustee respectfully requests an extension of 30 days to respond to the Complaint.

      2.    Further, on March 30, 2012, Enrico J. Constantini, Esquire, for Bishop, Jackon & Kelly, LLC, erroneously filed an appearance for Deutsche Bank as Trustee, and subsequently filed a motion to withdraw.  The motion to withdraw was denied on May 25, 2012, on the same day the case was reopened.

      3.    No other extension has been requested by Deutsche Bank as Trustee in this case.

      4.    Counsel for Deutsche Bank as Trustee conferred with Vossbrinck regarding the extension sought herein and has been advised that while Vossbrinck objects to the consolidation of the two cases, Vossbrinck does not object to Deutsche Bank as Trustee's request for an extension of time.

      5.    For the foregoing reasons, Deutsche Bank as Trustee respectfully requests that an extension of 30 days to file its response be granted.

(..continued)
issued before the case was reopened and that service was defective.

{K0473604.1}                                     3

---

## Motion to Consolidate (Continued)

For the foregoing reasons, Deutsche Bank as Trustee respectfully requests the Court (a) to consolidate Civil Action No. 3:11-cv-01312 with Civil Action No. 3:12-cv-00637, and (b) to grant an extension of thirty (30) days to file a responsive pleading to Plaintiff's Complaint in Civil Action No. 3:11-cv-01312, in accordance with the proposed order attached hereto.

Respectfully submitted,

ECKERT SEAMANS CHERIN & MELLOTT, LLC

By: /s/ William P. Breen, Jr.
William P. Breen, Jr. (CT 07935)
Two International Place, 16th Floor
Boston, Massachusetts 02110
(617) 342-6800
(617) 342-6899 (facsimile)
wbreen@eckertseamans.com

*Attorneys for Defendant*
Deutsche Bank National Trust Company, as Indenture Trustee on behalf of the Holders of the Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes, Substituted Plaintiff

Dated:  June 15, 2012

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on June 15, 2012.

/s/ William P. Breen, Jr.
William P. Breen, Jr.

{K0473604.1}                                        4

## Motion to Consolidate (Continued)

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

-------------------------------------------------------------X
KARL PAUL VOSSBRINCK, A/K/A PAUL
VOSSBRINCK., et al.                                   Civil Action No.:
                                                     3:11-cv-01312-WWE
     V.

ACCREDITED HOME LENDERS, INC.
[DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS INDENTURE TRUSTEE
ON BEHALF OF THE HOLDERS OF THE
ACCREDITED MORTGAGE LOAN TRUST
2005-4 ASSET BACKED NOTES,
SUBSTITUTED PLAINTIFF]
-------------------------------------------------------------X

### ORDER

     AND NOW, this _____ day of _____, 2012, upon consideration of

Defendant, DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE

TRUSTEE ON BEHALF OF THE HOLDERS OF THE ACCREDITED MORTGAGE LOAN

TRUST 2005-4 ASSET BACKED NOTES, SUBSTITUTED PLAINTIFF's Motion to

Consolidate and Motion for an Extension of Time, it is hereby ORDERED that Civil Action No.

3:11-cv-01312 be consolidated with Civil Action No. 3:12-cv-00637 with the parties aligned as

set forth in both pending cases, and it is hereby further ORDERED that said Motion for an

Extension of Time is GRANTED.  Accordingly, Defendant shall file its response to the

Complaint on or before July 13, 2012 at 5:00 p.m.

                                 BY THE COURT:

                                 _____

{K0473605.1}

Plaintiff's Motion to Remand

# UNITED STATES DISTRICT COURT
For the
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KARL PAUL VOSSBRINCK | ) | |
| *Plaintiff* | ) | |
| V | ) | Case N0. 3:11-cv-01312-WWE & |
| | ) | Case NO.3:12 -cv-00637-WWE |
| ACCREDITED HOME LENDERS, INC. | ) | |
| [DEUTSCHE BANK NATIONAL TRUST | ) | |
| COMPANY, AS INDENTURE TRUSTEE, | ) | |
| ON BEHALF OF THE HOLDERS OF THE | ) | |
| ACCREDITED MORTGAGE LOAN TRUST | ) | |
| ASSET BACKED NOTES] | ) | July 21, 2012 |
| *Defendant* | | |

### PLAINTIFF'S MOTION TO REMAND CV-00637-WWE
### BACK TO STATE SUPERIOR COURT

The Plaintiff in the above captioned matter CV-00637-WWE humbly requests that matter be

remanded back to the Superior Court in Waterbury where it originated and where it can be heard

by a court where the legal subject matter jurisdiction is not in question. The issues of diversity

and the $75,000 threshold amount in question were not an issue for the foreclosure process to

proceed against the Plaintiff and therefore should not be an issue at this time.

          __/S/ Karl Paul Vossbrinck_____
          By Karl Paul Vossbrinck, Plaintiff Pro-Se
          487 Berkshire Road
          Southbury, Connecticut 06488
          paulvoss@earthlink.net
          (203) 267-6500

## Plaintiff's Motion to Remand (continued)

<u>**CERTIFICATION OF SERVICE**</u>

I hereby certify that on the above captioned date, a copy of foregoing was filed and served electronically, wherever possible, and by USPS mail where no email address was known, to all counsel of record as indicated below.

          _____/S/ Karl Paul Vossbrinck_____
By Karl Paul Vossbrinck, Plaintiff Pro-Se
487 Berkshire Road
Southbury, Connecticut 06488
paulvoss@earthlink.net
(203) 267-6500

William P Breen
Eckert Seamans Cherin & Mellott, LLC
Two International Place, 16th Floor
Boston, MA 02110
(617) 342-6887
wbreen@eckertseamans.com

Geraldine A. Cheverko, Esq.
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street, Suite 700
White Plains, New York 10606
(914) 949-3989
gcheverko@eckertseamans.com

Sam Trumbull
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
412.566.6151 (direct dial)
412.566.6099 (fax)
STrumbull@eckertseamans.com

Plaintiff's Amended Combined Complaint

# UNITED STATES DISTRICT COURT
### For the
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| KARL PAUL VOSSBRINCK<br>*Plaintiff* | ) |
| | ) |
| | ) |
| V | ) Case N0. 3:12-cv-00637-MRK |
| | ) |
| ACCREDITED HOME LENDERS, INC. | ) <u>COMPLAINT FOR</u> |
| [DEUTSCHE BANK NATIONAL TRUST | ) **1. FRAUD** |
| COMPANY, AS INDENTURE TRUSTEE, | ) **2. PERJURY** |
| ON BEHALF OF THE HOLDERS OF THE | ) **3. FORGERY** |
| ACCREDITED MORTGAGE LOAN TRUST] | ) **4. NEGLIGENT -** |
| | )     **MISREPRESENTATION** |
| **2005-4 ASSET BACKED NOTES,** | ) **5. VIOLATION OF THE TRUTH IN** |
| **SUBSTITUTED PLAINTIFF]** | )    **LENDING ACT, CIVIL CODE §§** |
| | )    **Sec. 36-393 *et*** |
| *Defendant* | ) **6. VIOLATION OF CONNECTICUT** |
| |    **UNFAIR TRADE PRACTICES ACT** |
| |    **"CUTPA", CGS §§ Sec. 42-110a – 42 –** |
| |    **110q et *seq*.;** |
| |    **7. UNJUST ENRICHMENT** |
| |    **8. PREDATORY LENDING** |

**<u>DEMAND FOR JURY TRIAL</u>**

**PLAINTIFF'S AMMENDED COMBINED COMPLAINT**

**FACTUAL ALLEGATIONS**

COUNT 1.

On December 17th, 2007, a <u>FORECLOSURE COMPLAINT</u> (Exhibit 2) was filed by the

Defendant against the Plaintiff. Line 5 of the complaint reads as such, "*Said Note is in*

*default and the Plaintiff, Accredited Home Lenders, Inc. as the holder of said Mortgage*

*and Note has elected to accelerate the balance due on said Note, to declare said Note to*

*be due in full and to foreclose the Mortgage securing the loan.*" The aforementioned

statement is Fraudulent and or a Negligent Misrepresentation of Material Facts as well as

## Plaintiff's Amended Combined Complaint (continued)

a violation of FRCP 11(b) in that Accredited Home Lenders, Inc. was not the holder of

the Mortgage and the Note when the foreclosure action was initiated.

COUNT 2.

On December 17th, 2007 a LIS PENDENS (Exhibit 3) was filed stating that said

mortgage was assigned to Accredited Home Lenders, Inc. by virtue of an Assignment of

Mortgage to be recorded on the Southbury Land Records. Aforementioned statement is

Fraudulent and or a Negligent Misrepresentation of Material Facts as well as a violation

of FRCP 11(b)in that Accredited Home Lenders, Inc. was not the holder of the Mortgage

and the Note when the foreclosure action was initiated.

COUNT 3.

On February 21st, 2008, approximately 71 days after said foreclosure action had been

initiated an ASSIGNMENT OF MORTGAGE (Exhibit 4) was made from Mortgage

Electronic Registration Systems, Inc. (MERS) to Accredited Home Mortgage Lenders,

Inc. and was recorded on the Southbury Land Records on April 7th, 2008.

Said Assignment of Mortgage was endorsed and sworn to by Jeffrey M. Knickerbocker

as Assistant Secretary and Vice President of Mortgage Electronic Registration Systems,

Inc. Said Assistant Secretary and Vice President of Mortgage Electronic Registration

Systems, Inc. is employed by Hunt Leibert Jacobson, P.C. who had made an Appearance

for the Defendant Accredited Home Lenders, Inc. in its Foreclosure Action. The above

action by Jeffrey M. Knickerbocker represents a conflict of interest.


COUNT 4.

2

## Plaintiff's Amended Combined Complaint (continued)

The AMENDED FORECLOSURE COMPLAINT (Exhibit 5) dated 2/27/2009 and filed by the Defendant contains statements that are Fraudulent and or a Negligent Misrepresentation of Material Facts as well as a violation of FRCP 11(b)in that Accredited Home Lenders, Inc. was not the holder of the Mortgage and the Note when the foreclosure action was initiated.

COUNT 5.

The MOTION TO SUBSTITUTE PLAINTIFF dated January 27th, 2010 and filed by the defendant contains statements that are Fraudulent and or a Negligent Misrepresentation of Material Facts as well as a violation of FRCP 11(b) in that Accredited Home Lenders, Inc. was not the holder of the Mortgage and the Note when the foreclosure action was initiated.

COUNT 6.

An AFFIDAVIT OF FACTS (Exhibit 6) dated June 27th, 2011 submitted by the Defendant contains statements that are Fraudulent and or a Negligent Misrepresentation of Material Facts as well as a violation of FRCP 11(b) in that Accredited Home Lenders, Inc. was not the holder of the Mortgage and the Note when the foreclosure action was initiated.

ADDENDUM AND ADDITIONAL INSTANCES OF

FRAUD AND / OR NEGLIGENT MISREPRESENTATION

The claims of *res judicata* and collateral estoppel asserted by the Defendant are impossible because the Plaintiff only become aware of the fraud perpetrated by the Defendant upon the Plaintiff after Title had become vested with the Defendant and

3

## Plaintiff's Amended Combined Complaint (continued)

therefore it is impossible that issues of fraud could have been brought before the Superior Court at an earlier time. The Plaintiff's Complaint is obviously a New and Separate case because if it were not the Defendant would have had it dismissed in Superior Court rather than transferred to this court. The Honorable Judge Mark H. Taylor recognized this in his Memorandum of Decision (Exhibit 7)

In addition the Plaintiff has even more recently learned of additional and/or subsequent instances of fraud and negligent misrepresentation. They are as follows:

COUNT 7.

The lending guidelines established by the bank were completely ignored by the Defendant at the time the loan was originated. Had they been followed the Defendant would have and should have been denied the loan and would not be before this court today. The aforementioned lending guidelines are referenced in the suit filed against Goldman Sachs & Co. by the Federal Housing and Finance Authority as Conservator for the Federal National Mortgage Association and the Federal Home Loan Mortgage Corporation. (Exhibit 8). The Plaintiff's Loan is alleged to be part of Accredited Mortgage Loan Trust 2005-4, the first trust mentioned in the suit and documented on page 2 of the suit. The suit later states on page 7 " *...these statements were materially false, as significant percentages of the underlying mortgage loans were not originated in accordance with the represented underwriting standards and origination practices,...*"

COUNT 8.

4

## Plaintiff's Amended Combined Complaint (continued)

The Defendant has provided two separate assignments of title that are exactly the same with the exception that one references Hunt Liebert in the upper left part of the document (Exhibit 9) and the other references The Monroe Group in the same place (Exhibit 10). One of these documents has been has been altered for reasons that will only reveal themselves at trial

COUNT 9.

It appears that it may be possible that the Transfer of Title mentioned in COUNT 3 may itself be fraudulent because Bill Koch, the signer of the Transfer of Title has been found guilty of "Robo-Signing" in other similar instances. See testimony of Lynn E. Szymoniak, Esq. (Exhibit 11) The Plaintiff's instance will only be discovered at trial. The Plaintiff contends, therefore, that the Transfer of Title itself may be fraudulent.

COUNT 10.

Perhaps the most compelling instance of Fraud and Negligent Misrepresentation may be in the very initiation of the Defendant's Foreclosure Complaint in Superior court. The complaint alleges that Accredited Home Lenders held title to the Plaintiff's property when is has been revealed that they quite possibly did not. The real wrinkle comes when Deutsche Bank entered the suit as [DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE ON BEHALF OF THE HOLDERS OF THE ACCREDITED MORTGAGE LOAN TRUST 2005-4 ASSET BACKED NOTES, SUBSTITUTE PLAINTIFF]. A careful scrutiny of the Pooling and Service Agreement, (Exhibit 12) although tedious, will reveal that the Plaintiff's mortgage note is not among those listed. According to the same Pooling and Service Agreement it was the responsibility of Deutsche Bank National Trust to review each and every loan before the

5

## Plaintiff's Amended Combined Complaint (continued)

trust was closed in November of 2005. The Plaintiff maintains that Accredited Home

Lenders, Inc. and the subsequent Deutsche Bank National Trust were not or are not in

possession of the Plaintiff's Note when they began the Foreclosure process. The only

way to learn the truth will be through discovery during trial.

COUNT 11.

    In the Defendant's <u>RESPONSE AND OPPOSITION OF DEUTSCHE BANK
NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, TO PLAINTIFF'S
MOTION FOR TEMPORARY RESTRAINING ORDER</u> the Defendant states
***"Vossbrinck's allegations in support of his collateral attack are not new, and they have
been fully and conclusively litigated in state court"*** knowing full well that the issues of
fraud or negligent misrepresentation have never been addressed.


### ADDENDUM

### MEMORANDUM ADDRESSING DEFENDANT'S ALLEGATIONS

On the first four pages of the above document the Defendant's litany of the Plaintiff's

efforts to keep his home from a bank guilty of predatory lending, among other things, is

hardly noteworthy of being called either law or justice but is rather a transparent exercise

in demonstrating how long the Plaintiff has been fighting for his home.

Defendant's Arguments

I.

The Defendant's claim of *res judicata* and collateral estoppel are patently false since

neither the Plaintiff's Claims nor the Plaintiff's Issues have been litigated previously.

Any allegations to the contrary are incorrect and misleading.

1      (2) The Plaintiff's claims and cause of action are distinctly different

        (3) No court has previously heard this case

        (4) The parties have never litigated the issues before this or any other court

6

## Plaintiff's Amended Combined Complaint (continued)

II.        The Plaintiff's case, as stated in this document, the Amended Complaint, are clear, precise and laden with fact.  Remedy for the Plaintiff is equally clear and concise. Here again the Defendant is attempting to cloud the issue at hand when he states *"... no judgment of foreclosure shall be opened after title become absolute in any encumbrance."*  Again the Defendant is attempting mislead the court.  The Plaintiff is not attempting to open the foreclosure.  The Plaintiff is in this court to have something that was stolen from him simply returned to him.

III.

      a. The fraud is on-going and continues through the present. In addition the question of Fraud can be opened at any time. (Exhibit 13)

      b. The AFFIDAVIT OF FACTS (Exhibit 5) dated June 27th, 2011 submitted by the Defendant, less than one year ago, contains statements that are Fraudulent and or a Negligent Misrepresentation of Material Facts as well as a violation of FRCP 11(b) in that Accredited Home Lenders, Inc. was not the holder of the Mortgage and the Note when the foreclosure action was initiated.

### REMEDY

Wherefore the Plaintiff claims for fraud, negligent misrepresentations of facts, materially false statements to the Court and lack of standing to foreclose upon said property hereby seeks:

1. Clear Quiet Title to said Property unencumbered with Prejudice.

2. Immediate tender of the property to the Plaintiff.

3. Costs to the Plaintiff for reasonable attorney's fees and court costs.

4. Punitive money damages as deemed appropriate by the court.

5. Any and all other remedies, including sanctions, as the court deems appropriate.

7

## Plaintiff's Amended Combined Complaint (continued)

6. Declaratory Relief.

June 7, 2012

_____
By Karl Paul Vossbrinck Pro-Se
487 Berkshire Road
Southbury, Connecticut 06488
paulvoss@earthlink.net
(203) 267-6500

### LIST OF EXHIBITS

1. Plaintiff's Mortgage

2. FORECLOSURE COMPLAINT

3. LIS PENDENS

4. ASSIGNMENT OF MORTGAGE

5. AMENDED FORECLOSURE COMPLAINT

6. AFFIDAVIT OF FACTS

7. The Honorable Mark H. Taylor's Memorandum of Decision

8. Federal Home Loan Mortgage Corporation suit against Goldman Sachs

9. Assignment of Title returned to Hunt Leibert

10. Assignment of Title returned to The Monroe Group

11. Testimony of Lynn E. Szymoniak, Esq.

12. Accredited Mortgage Loan Trust 2005-4 Asset Backed Notes Pooling and Service Agreement

13. Fraud can be opened at any time

June 7, 2012

8

Plaintiff's Amended Combined Complaint (continued)

By Karl Paul Vossbrinck Pro-Se
487 Berkshire Road
Southbury, Connecticut 06488
paulvoss@earthlink.net
(203) 267-6500

9

## Plaintiff's Amended Combined Complaint (continued)

### CERTIFICATION OF SERVICE

I hereby certify that on the above captioned date, a copy of foregoing was filed and served electronically, wherever possible, and by USPS mail where no email address was known, to all counsel of record as indicated below.

_____
By Karl Paul Vossbrinck, Plaintiff Pro-Se
487 Berkshire Road
Southbury, Connecticut 06488
paulvoss@earthlink.net
(203) 267-6500

William P Breen
Eckert Seamans Cherin & Mellott, LLC
Two International Place, 16th Floor
Boston, MA 02110
(617) 342-6887
wbreen@eckertseamans.com

Geraldine A. Cheverko, Esq.
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street, Suite 700
White Plains, New York 10606
(914) 949-3989
gcheverko@eckertseamans.com

10

# Ruling on Pending Motions

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KARL PAUL VOSSBRINCK                          :
                                              :
                                              :
v.                                            :  3:11cv1312 (WWE)
                                              :
ACCREDITED HOME LENDERS INC.                  :
[DEUTSCHE BANK NATIONAL TRUST                 :
COMPANY, AS INDENTURE TRUSTEE                 :
ON BEHALF OF THE HOLDERS OF THE               :
ACCREDITED MORTGAGE LOAN                      :
TRUST 2005-4 ASSET BACKED NOTES,              :
SUBSTITUTED PLAINTIFF]                        :

### Ruling on Pending Motions

This action stems from a state court judgment of strict foreclosure issued on June

21, 2011. Plaintiff Karl Paul Vossbrinck claims that the foreclosure is void because defendant

Deutsche Bank, as Trustee, failed to establish that it held the note and the mortgage at the

commencement of the state foreclosure proceedings.

This Court has previously denied a motion for temporary restraining order on the

basis of the Rooker-Feldman doctrine. Plaintiff has brought a motion for reconsideration of

that order, a motion to disjoin lawsuits, a motion to remand to state court, a motion for

extension of time to file interlocutory appeal, and a motion for leave to proceed in forma

pauperis. For the following reasons, plaintiff's motion for reconsideration will be denied, the

motion to disjoin lawsuits will be denied, and the motion to remand to state court will be

denied.

### Motion to Disjoin Lawsuits

This Court consolidated two pending actions filed by plaintiff concerning the events

and proceedings resulting in the state court judgment of strict foreclosure. It serves the

## Ruling on Pending Motions (continued)

interest of efficiency and justice that these two cases that share the same core issues of fact and law should be consolidated. Accordingly, the Court will deny plaintiff's motion to disjoin lawsuits.

### Motion for Reconsideration

A motion for reconsideration may be based solely upon "matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order." Local R. Civ. P. 7(c)(1). Such a motion should be granted only where the Court has overlooked facts or precedents that might have "materially influenced" the earlier decision. Park South Tenants Corp. v. 200 Cent. Park South Assocs. L.P., 754 F. Supp. 352, 354 (S.D.N.Y. 1991). The movant's burden is made weighty to avoid "wasteful repetition of arguments already briefed, considered and decided." Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989). In this instance, the Court finds no indication that it has overlooked facts or precedents that might have materially influenced its earlier decision. Accordingly, the motion for reconsideration will be denied.

### Motion to Remand

Plaintiff asserts that the case should be remanded to state court. However, this case was properly removed to federal court on the basis of 28 U.S.C. § 1332. Accordingly, the motion for remand will be denied.

### Motion for Extension of Time to File a Notice of Appeal

Plaintiff seeks leave to file a notice of appeal of this Court's ruling denying the motion for a temporary restraining order. Plaintiff has failed to state any good cause or excusable neglect to substantiate his need for an extension of time as required by Federal Rule of Appellate Procedure 4(a)(5). Accordingly, the motion for extension of time will be

## Ruling on Pending Motions (continued)

Case 3:11-cv-01312-WWE   Document 62   Filed 10/16/12   Page 3 of 3

denied.  Plaintiff may file an appeal if necessary at the conclusion of the litigation proceedings of this action.  The motions for leave to file in forma pauperis relate to plaintiff's appeal of the ruling on the TRO.  Accordingly, these motions will also be denied without prejudice.

### CONCLUSION

For the foregoing reasons, the motion to disjoin lawsuits [#37] is DENIED; the motion for reconsideration and request for a hearing [#42] is DENIED; the motion to remand [#43] is DENIED; the motion for extension of time [#53] is DENIED; the motions for leave to proceed in forma pauperis [#54 and 55] are DENIED without prejudice.

Dated at Bridgeport, Connecticut, this 16th day of October 2012.

_____/S/_____

Warren W. Eginton
Senior United States District Judge

## Judgment Granting Motion to Dismiss

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2012 OCT 18   P 2: 13

U.S. DISTRICT COURT
BRIDGEPORT, CONN

KARL PAUL VOSSBRINCK

v.                                                  3:11CV1312(WWE)

ACCREDITED HOME LENDERS, INC.

### JUDGMENT

This matter came on before the Honorable Warren W. Eginton, Senior United

States District Judge, as a result of defendant's motion to dismiss.

The Court has reviewed all of the papers filed in conjunction with the motion and

on October 16, 2012 entered a Ruling granting the motion.

Therefore, it is ORDERED and ADJUDGED that judgment is entered for the

defendant, Accredited Home Lenders, Inc., against the plaintiff Karl Paul Vossbrinck

and the case is closed.

Dated at Bridgeport, Connecticut, this 17th day of October 2012.

ROBERTA D. TABORA, Clerk

By: _Deborah A. Candee_

Deborah A. Candee
Deputy Clerk

Entered on Docket _10/19/2012_

# Ruling on Motion to Dismiss

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| KARL PAUL VOSSBRINCK, : | |
| Plaintiff, : | |
| v. : | 3:11-cv-1312 (WWE) |
| : | |
| ACCREDITED HOME LENDERS, INC., : | |
| Defendant. : | |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

This action stems from a state court judgment of strict foreclosure issued on June 21, 2011.  Plaintiff Karl Paul Vossbrinck claims that the foreclosure is void because defendant Deutsche Bank, as Trustee, failed to establish that it held the note and the mortgage at the commencement of the state foreclosure proceedings. The allegations of plaintiff's complaint assert claims of fraudulent misrepresentation, fraud, negligent misrepresentation, unjust enrichment, violation of the Truth in Lending Act ("TILA"), Real Estate Settlement Procedures Act ("RESPA"), Connecticut Truth in Lending Act ("CTILA"), and Connecticut Unfair Trade Practices Act ("CUTPA").[1]

Defendant has filed a motion to dismiss, arguing that plaintiff's claims are barred by the doctrines of res judicata, collateral estoppel and Rooker-Feldman; his RESPA, TILA, CUTPA and state common law torts claims are time-barred; and he has failed to state a claim.

**Background**

On October 19, 2005, plaintiff executed a promissory note in favor of Accredited

---

[1]Plaintiff's complaint also lists predatory lending as a claim but his complaint fails to allege such a claim.

1

## Ruling on Motion to Dismiss (continued)

Home Lenders, Inc. ("Accredited") in the principal amount of $575,000.  As security, he

executed a mortgage encumbering the real property at 487 Berkshire Road in

Southbury, Connecticut.

In January 2010, Accredited transferred and assigned plaintiff's mortgage loan to

Deutsche Bank as Trustee.

In December 2007, Accredited instituted a foreclosure action in Connecticut

superior court.  On February 10, 2010, Deutsche Bank was substituted as the plaintiff in

the foreclosure action.

In his answer and counterclaim, plaintiff asserted special defenses of fraud and

violations of RESPA and TILA.

After Connecticut Superior Court granted summary judgment in defendant

Deutsche Bank's favor and dismissed the counterclaims, a judgment of strict

foreclosure entered.

Plaintiff Vossbrink filed an appeal, which was dismissed.

On January 27, 2012, legal title to the Southbury property vested in Deutsche

Bank as Trustee.

On March 12, 2012, Plaintiff Vossbrink moved to set aside the judgment of strict

foreclosure, which motion the state court denied.

A motion to dismiss under FRCP 12(b)(1) "challenges the court's statutory or

constitutional power to adjudicate the case before it."  2A James W. Moore et. al.,

Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994).  Once the question of

jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the

2

## Ruling on Motion to Dismiss (continued)

party asserting such jurisdiction.  See  Thomson v. Gaskill, 315 U.S. 442, 446, (1942).

### Discussion

The function of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S.  662, 129 S. Ct. 1937, 1944 (2009).

### Rooker-Feldman

The Rooker-Feldman doctrine bars a plaintiff challenging state court judgments in federal court.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  The Rooker-Feldman doctrine bars federal courts from interfering with state court judgments outside of the habeas corpus context.  For it to apply, (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment;

3

## Ruling on Motion to Dismiss (continued)

and (4) the state-court judgment must have been rendered before the district court proceedings commenced. McKithen v. Brown, 481 F.3d 89, 97 (2d Cir. 2007). "Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker–Feldman doctrine." Gunn v. Ambac Assur. Corp., 2012 WL 2401649, *12 (S.D.N.Y. 2012). Even where a plaintiff alleges that a state court judgment was procured by fraud, Rooker-Feldman will divest the federal court of jurisdiction. Done v. Wells Fargo Bank, N.A., 2009 WL 2959619, *3 n.6 (E.D.N.Y. 2009). Here, plaintiff's claims challenge a judgment of foreclosure issued by the state superior court. Thus, the Rooker-Feldman doctrine bars this Court's review of the action.

      Collateral Estoppel

      Federal courts are required to give a prior state court decision the same preclusive effect under either res judicata or collateral estoppel that courts of that state would give to that decision. Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982). State law determines whether a prior state-court proceeding has any preclusive effect in a subsequent action pending in federal court. See Fayer v. Middlebury, 258 F.3d 117, 124 (2d Cir. 2001).

      Under the doctrine of collateral estoppel, the judgment of a prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action. Parklane Hoisery Co. v. Shore, 439 U.S. 322, 327 n.5 (1979). A party raising a defense of collateral estoppel must demonstrate that an issue that is presented in the second case was already fully and fairly litigated. Jackson v. R.G. Whipple, Inc., 225 Conn.

4

## Ruling on Motion to Dismiss (continued)

705, 714-15 (1993).  The issue must have been necessary to the earlier judgment in the first case.  Gladysz v. Planning & Zoning Comm'n, 256 Conn. 249, 261 (2001)

In a mortgage foreclosure action, the foreclosing party must prove that it is the owner of the note and mortgage and that the mortgagor has defaulted on the note. Franklin Credit Management Corp. v. Nicholas, 73 Conn.App. 830, 838 (2002).  In this instance, the Connecticut superior court found that Deutsche Bank had sustained its burden of proof and that Vossbrinck could not prevail on his claims of fraud, violation of RESPA and violation of TILA.  Accordingly, the claims that Vossbrinck brings to this Court have already been litigated and resolved by the superior court.  Plaintiff's action is barred by collateral estoppel.

Statutes of limitations/Repose

Plaintiff's claims are also statutorily time-barred.  His claims pursuant to RESPA are barred by the 12 U.S.C. § 2614; plaintiff's TILA claims are barred by 15 U.S.C. § 1635(f) and 1640(e) and Connecticut General Statutes. § 36a-683 ;[2] his claims of misrepresentation and fraud are barred by Connecticut General Statutes § 52-577; and the CUTPA claim is barred by Connecticut General Statutes § 42-110g(f).

Unjust Enrichment

Plaintiff's unjust enrichment claim is dependent upon his allegations of fraud and misrepresentation.  Because these claims are time-barred, plaintiff's unjust enrichment claim will also be dismissed.

---

[2]The federal and state TILA statutes are "generally coextensive."  See Bank of New York v. Conway, 50 Conn. Supp. 189, 197 (2006).

5

## Ruling on Motion to Dismiss (continued)

**CONCLUSION**

For the foregoing reasons, the motion to dismiss is GRANTED.

The clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 16th day of October, 2012.

_____/S/_____
Warren W. Eginton
Senior United States District Judge

6

Notice of Appeal

**UNITED STATES DISTRICT COURT**

**THE DISTRICT OF CONNECTICUT**

**Case No. 3:11-cv-01312-WWE**

**Karl Paul Vossbrinck**

> **Plaintiff,**

> v.

**Accredited Home Lenders, Inc.**

> **Defendant.**

# PLAINTIFF'S NOTICE OF APPEAL

Plaintiff Paul Vossbrinck hereby gives notice that he appeals the final judgment entered by the District Court on October 19, 2012. to the United States Court of Appeals for the Second Circuit.

Respectfully submitted,

_____

Paul Vossbrinck
487 Berkshire Road
Southbury, Connecticut 06488
(203) 293-5789
paulvoss@earthlink.net
Pro Se Plaintiff

## Notice of Appeal (continued)

### CERTIFICATION

I hereby certify that a copy of all of the foregoing was emailed to all parties of record as

indicated below on November 8, 2012

By: ___ /S/   Karl Paul Vossbrinck ___
Karl Paul Vossbrinck – Pro-Se
487 Berkshire Road
Southbury, CT 06488
paulvoss@earthlink.net
(203) 293-5789

William P Breen
Eckert Seamans Cherin & Mellott, LLC.
Two International Place, 16th Floor
Boston, MA 02110
(617) 342-6887
wbreen@eckertseamans.com

Geraldine A. Cheverko, Esq.
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street, Suite 700
White Plains, New York 10606
(914) 773-2350
gcheverko@eckertseamans.com

Peter F. Carr, II
Eckert Seamans Cherin & Mellott, LLC
Two International Place, 16th Floor
Boston, MA 02110
(617) 342-6800
pcarr@eckertseamans.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of all of the foregoing was emailed to all parties

of record as indicated below on this 5th day of March, 2013.

_____/S/_____
ROBERT S. CATZ
Counsel for Plaintiff-Appellant

William P. Breen
Eckert Seamans Cherin & Mellott, LLC.
Two International Place, 16th Floor
Boston, MA 02110
(617) 342-6887
wbreen@eckertseamans.com

Julia Beth Vacek
Eckert Seamans Cherin & Mellott,
LLC.
Two International Place, 16th Floor
Boston, MA 02110
(617) 342-6899
jvacek@eckertseamans.com

Geraldine A. Cheverko, Esq.
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street, Suite 700
White Plains, New York 10606
(914) 773-2350
gcheverko@eckertseamans.com

Peter F. Carr, II
Eckert Seamans Cherin & Mellott,
LLC
Two International Place, 16th Floor
Boston, MA 02110
(617) 342-6800
pcarr@eckertseamans.com