# 12-3647

UNITED STATES COURT OF APPEALS
For the Second Circuit
_____

KARL PAUL VOSSBRINCK,
Plaintiff – Appellant
v.

ACCREDITED HOME LENDERS, INC. (Deutsche Bank National Trust
Company, as Indenture Trustee, on behalf of the Holder of the Accredited
Mortgage Loan Trust Asset Backed Notes, Substituted Plaintiff),
Defendant – Appellee,
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE
TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ACCREDITED
MORTGAGE LOAN TRUST 2005-4 ASSET BANKED NOTES
Consolidated Defendant – Appellee.
_____


ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
SENIOR UNITED STATES DISTRICT JUDGE PRESIDING
_____

**BRIEF OF DEFENDANT - APPELLEE
DEUTSCHE BANK NATIONAL TRUST COMPANY,
AS INDENTURE TRUSTEE**
_____

Peter F. Carr, II  (ID No. 47600)
Eckert Seamans Cherin & Mellott, LLC
Two International Place, 16th Floor
Boston, MA 02110
Telephone: (617) 342-6800
Counsel for Defendant – Appellee Deutsche Bank National Trust Company, as
Indenture Trustee

**CORPORATE DISCLOSURE STATEMENT OF DEFENDANT-APPELLEE
DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE**

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant-Appellee Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the holders of the Accredited Mortgage Loan Trust 2005-4 Asset Banked Notes ("Deutsche Bank, as Trustee") makes the following disclosure:

1.     The following corporate entities are parent corporations to Deutsche Bank, as Trustee:  Deutsche Bank National Trust Company is an indirectly held, wholly-owned subsidiary of Deutsche Bank AG.

2.     The following public companies hold 10% or more of the stock of Deutsche Bank, as Trustee:  Deutsche Bank National Trust Company is an indirectly held, wholly-owned subsidiary of Deutsche Bank AG.  No publically held corporation owns ten percent or more of the stock of Deutsche Bank AG.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................. ii

STATEMENT OF THE ISSUES.......................................................... 1

STATEMENT OF THE CASE.............................................................. 1

STATEMENT OF FACTS .................................................................. 3

SUMMARY OF THE ARGUMENT .................................................... 5

ARGUMENT .................................................................................... 5

I.    STANDARD OF REVIEW ....................................................... 5

II.   THE DISTRICT COURT PROPERLY APPLIED THE
      <u>ROOKER-FELDMAN</u> DOCTRINE TO DISMISS
      THE ACTION ......................................................................... 5

III.  RELIEF IS FUTILE WHERE VOSSBRINCK FAILED TO
      CONTEST THE OTHER INDEPENDENT GROUNDS
      FOR DISMISSAL .................................................................. 9

CONCLUSION ................................................................................ 11

ADDENDUM ................................................................................... 14

# TABLE OF AUTHORITIES

## CASES

District of Columbia Court of Appeals v. Feldman,
460 U.S. 462 (1983) ................................................................. 6

Done v. Wells Fargo Bank, N.A.,
2009 WL 2959619 (E.D.N.Y. 2009) ..................................... 7

Exxon-Mobil Corp. v. Saudi Basic Industries Corp.,
544 U.S. 280 (2005) .............................................................. 8, 9

Franklin Credit Management Corp. v. Nicholas,
73 Conn.App. 830, 812 A.2d 51 (2002),
cert. denied 262 Conn. 937, 815 A.2d 136 (2003). ............... 7

Green v. Mazzucca,
377 F.3d 182 (2d Cir. 2004) ................................................. 10

Greene v. United States,
13 F.3d 577 (2d Cir. 194) ..................................................... 10

Johnson v. Smithsonian Inst.,
189 F.3d 180 (2d Cir. 1999) ................................................. 8

Kropelnicki v. Siegel,
290 F.3d 118 (2d Cir. 2002) ................................................. 8, 9

Niles v. Wilshire Inv. Group, LLC,
859 F.Supp.2d 308 (E.D.N.Y.  2012) ................................. 7

Norton v. Sam's Club,
145 F.3d 114 (2d Cir. 1998) ................................................. 9, 10

Peay v. Ajello,
470 F.3d 65 (2d Cir. 2006) ................................................... 5

Rooker v. Fidelity Trust Co.,
263 U.S. 413 (1923) .............................................................. 6

<u>Swiatkowski v. Citibank</u>,
745 F.Supp.2d 150 (E.D.N.Y. 2010) ............................................................. 7, 9

<u>Swiatkowski v. Citibank</u>,
446 Fed.Appx. 360 (2d Cir. 2011).................................................................. 8, 9

## STATEMENT OF THE ISSUES

1.      Whether the District Court correctly applied the <u>Rooker-Feldman</u> doctrine to bar Plaintiff's collateral attack on a final state court judgment of strict foreclosure through a subsequent federal court action?

2.      Whether Plaintiff/Appellant waived appellate review of the District Court's dismissal order by failing to contest on appeal the other independent legal grounds upon which the District Court dismissed the action?

## STATEMENT OF THE CASE

In 2007, Plaintiff-Appellant Karl Paul Vossbrinck ("Vossbrinck") defaulted on his mortgage loan, and he was subsequently foreclosed in accordance with a Judgment of Strict Foreclosure entered by a Connecticut Superior Court in favor of Deutsche Bank, as Trustee.  Vossbrinck consistently attempted to stall and then reverse the foreclosure.  Vossbrinck's claims were all fully litigated and rejected, and the foreclosure deemed final.

After the losing the foreclosure case in Connecticut state court, Vossbrinck originally filed this action on August 17, 2011 docketed as Case No. 3:11-cv-01312.  (R.A. 5).   On February 21, 2012, the case was dismissed for failure to prosecute (R.A. 5), but subsequently reopened upon Vossbrinck's motion by order dated May 23, 2012.  (R.A. 6).  Meanwhile, on or about April 10, 2012,

1

Vossbrinck subsequently filed another action in the Connecticut Superior Court, also seeking to vacate the foreclosure, reclaim title, and recover damages. (R.A. 28). Deutsche Bank, as Trustee, timely removed Vossbrinck's state court action and was docketed as Case No. 3:12-cv-00637. (R.A. 33; S.A. 1).[1] On July 10, 2012, the District Court consolidated the two actions, and on July 18, 2012 ordered Vossbrinck to file an amended consolidated complaint. (R.A. 6,7).

On August 7, 2012, Vossbrinck filed an Amended Combined Complaint (the "Combined Complaint") seeking to void the Judgment of Strict Foreclosure premised on the contention that Deutsche Bank, as Trustee, was not the holder of the note and the mortgage. (R.A. 8; S.A. 60).[2] Vossbrinck claimed Deutsche Bank, as Trustee, and its counsel fraudulently misrepresented facts relative to the foreclosure. Vossbrinck asserted claims again for violations of the Truth-In-Lending Act at 15 U.S.C. § 1601, *et seq.* and the Real Estate Settlement Procedures Action at 12 U.S.C. § 2601, *et seq.* previously dismissed in the Foreclosure Action, violations of the Connecticut Truth-in-Lending Act and Unfair Trade Practices

---

[1] References to the Appellee's Supplemental Record Appendix appear as "S.A. __" and refer to materials before the lower court but which were not reproduced by Vossbrinck in the Record Appendix.

[2] A copy of the operative Combined Complaint filed on August 7, 2012 is at **Exhibit G** to the Memorandum of Law in Support of Defendant's Motion to Dismiss reproduced in the Supplemental Appendix. (S.A. 60). The version of the Combined Complaint included in the Record Appendix submitted by Vossbrinck (R.A. 50) is not the version filed in the consolidated action.

Act, and common law claims of fraud, negligent misrepresentation, rescission, and unjust enrichment all arising out of or related to the origination of the mortgage loan and the foreclosure process. (S.A. 60-82).

On August 30, 2012, Deutsche Bank, as Trustee, filed a Motion to Dismiss the Combined Complaint and a Memorandum of Law. (R.A. 8; S.A. 8, 11). On September 19, 2012, Vossbrinck filed his response. (R.A. 8; S.A. 84).

On October 16, 2012, the District Court granted the Motion to Dismiss in its entirety. (Add. 1; R.A. 64). Final judgment entered on October 19, 2012. (R.A. 63). Vossbrinck's filed his Notice of Appeal on November 14, 2012. (R.A. 9).

## STATEMENT OF FACTS

On or about October 19, 2005, Vossbrinck executed a promissory note in favor of Accredited Home Lenders, Inc. ("Accredited"), as the original lender, in the principal amount of $575,000.00. (R.A. 20). As security, Vossbrinck executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for the lender, a mortgage encumbering the real property known as 487 Berkshire Road, Southbury, Connecticut (the "Property"). (R.A. 20). MERS assigned the mortgage to Accredited, and Accredited subsequently transferred and assigned

3

Vossbrinck's mortgage loan to Deutsche Bank, as Trustee. (R.A. 21).[3]

Vossbrinck defaulted, and Accredited commenced a foreclosure action in the Connecticut Superior Court, Judicial District of Waterbury, Docket No. CV-08-5007144-S (the "Foreclosure Action"). (R.A. 10). Deutsche Bank, as Trustee, was substituted for Accredited as plaintiff in the Foreclosure Action. (R.A. 65).

Vossbrinck filed an Answer and Counterclaim on July 1, 2010 (his third) asserting the special defenses and counterclaims of fraud and for violation of RESPA and TILA. (R.A. 65; Add. 2; S.A. 48). The Superior Court granted summary judgment in favor of Deutsche Bank, as Trustee, (R.A. 65; Add. 2; S.A. 51, 57), and Judgment of Strict Foreclosure entered on June 21, 2011. (S.A. 58). Vossbrinck filed an appeal, which was dismissed. (R.A. 65; Add. 2). The law days set by the Superior Court expired, and title to the Property vested in Deutsche Bank, as Trustee, on January 27, 2012. (R.A. 65; Add. 2). Vossbrinck moved to set aside the Judgment of Strict Foreclosure, which the Superior Court denied. (R.A. 25, 65; Add. 2). Vossbrinck proceeded to file multiple separate federal and state court actions to void the Judgment of Strict Foreclosure. (R.A. 5; S.A. 1).

---

[3] Vossbrinck incorrectly contends that Deutsche Bank, as Trustee, acknowledged in its Petition for Removal that the note and mortgage were assigned to Accredited after the Foreclosure Action was filed. Rather, the Petition recites that Accredited assigned the mortgage loan to Deutsche Bank, as Trustee, after the commencement of the Foreclosure Action, which is why Deutsche Bank, as Trustee, was substituted as the party plaintiff in the Foreclosure Action. (R.A. 37, n 3).

4

## SUMMARY OF THE ARGUMENT

The District Court properly rejected Vossbrinck's federal court collateral attack on the state court Judgment of Strict Foreclosure and dismissed the Combined Complaint on three independent legal grounds. Vossbrinck's contention that Rooker-Feldman does not apply is legally wrong. Well-established case law in this Circuit holds that the Rooker-Feldman doctrine divests the federal court of jurisdiction to void a final state court judgment even where a plaintiff alleges fraud. Moreover, Vossbrinck failed to contest on appeal the District Court's dismissal of the Combined Complaint on substantive grounds. Thus, even if Vossbrinck prevails on his Rooker-Feldman challenge, which he should not, the District Court's dismissal order must stand.

## ARGUMENT

### I.    STANDARD OF REVIEW

This Court reviews the District Court's dismissal of Vossbrinck's action de novo. See Peay v. Ajello, 470 F.3d 65, 67 (2d Cir. 2006).

### II.    THE DISTRICT COURT PROPERLY APPLIED THE ROOKER-FELDMAN DOCTRINE TO DISMISS THE ACTION

There is no doubt that Vossbrinck in the Combined Complaint sought to undo the state court Judgment of Strict Foreclosure. The only way Vossbrinck could accomplish "immediate tender of the Property to Plaintiff" as he claimed as a remedy after title had already vested in Deutsche bank, as Trustee, was to vacate

5

the Judgment of Strict Foreclosure entered in the Foreclosure Action.  The District

Court properly applied the familiar elements of the <u>Rooker-Feldman</u> doctrine to

dismiss the Combined Complaint.  <u>See</u> <u>District of Columbia Court of Appeals v.</u>

<u>Feldman</u>, 460 U.S. 462, 486-87 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413,

415-16 (1923).[4]

During the Foreclosure Action, Vossbrinck asserted various claims and

defenses to contest the foreclosure, including fraud and violations of RESPA and

TILA.  After due consideration and after providing Vossbrinck full opportunity to

be heard, the Superior Court, by multiple orders, rejected Vossbrinck's

contentions, entered Judgment of Strict Foreclosure, and set law days.  Title to the

Property vested in Deutsche Bank, as Trustee.  Vossbrinck in his subsequent

Combined Complaint attacked the validity of the foreclosure process and the

completed foreclosure primarily on the grounds that Deutsche Bank, as Trustee,

lacked standing to foreclose because it allegedly failed to hold the note and

---

[4] Any notion advanced by Vossbrinck that the <u>Rooker-Feldman</u> doctrine would not
have been implicated had Deutsche Bank, as Trustee, not removed the state court
action is unavailing.  Deutsche Bank, as Trustee, properly exercised its right to
remove, and Vossbrinck did not appeal the District Court's order denying his
remand motion.  Moreover, Vossbrinck was the one who initially filed the first
action in federal court prior to filing his state court action.  Vossbrinck also
successfully moved to re-open the first federal court action, that was dismissed for
lack of prosecution, after he had filed the second state court action, which was
ultimately removed and then consolidated with the first action.

6

mortgage.  These are the exact issues the Superior Court conclusively decided in the Foreclosure Action in entering Judgment of Strict Foreclosure to foreclose Vossbrinck's equity of redemption and bar his rights to the Property.  "In a mortgage foreclosure action, to make out its *prima facie* case, [the foreclosing party has] to prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the mortgagor has] defaulted on the note." Franklin Credit Management Corp. v. Nicholas, 73 Conn.App. 830, 838, 812 A.2d 51 (2002), cert. denied 262 Conn. 937, 815 A.2d 136 (2003).

Vossbrinck's challenge to the foreclosure raised in the subsequent Combined Complaint is the exact type of collateral attack barred by Rooker-Feldman.  Even though Vossbrinck recast his standing arguments as a claim of fraud on the bare allegation that Deutsche Bank, as Trustee, misrepresented its status as mortgagee, the Rooker-Feldman doctrine conclusively barred the federal court action.  See Done v. Wells Fargo Bank, N.A., 2009 WL 2959619, *3 n.6 (E.D.N.Y. 2009); Niles v. Wilshire Inv. Group, LLC, 859 F.Supp.2d 308, 334 -335 (E.D.N.Y. 2012) ("courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine"); Swiatkowski v. Citibank, 745 F.Supp.2d 150, 164–65 (E.D.N.Y. 2010) ( Rooker-Feldman doctrine applied to allegations that defendants engaged in a pattern of submitting fraudulent and perjurious documents related to the judgment of foreclosure and sale in other

7

courts finding that the allegations and relief sought were "inextricably intertwined with the state court judgment and would require overturning the state court judgment"), affirmed by Swiatkowski v. Citibank, 446 Fed.Appx. 360, 361 (2d Cir. 2011) (summary order).

Vossbrinck ignores this precedent, cites to many divergent cases from other circuits that are not applicable, and even acknowledges this Court's decisions in Johnson v. Smithsonian Inst., 189 F.3d 180, 187 (2d Cir. 1999) and Kropelnicki v. Siegel, 290 F.3d 118, 129 (2d Cir. 2002) which reiterated the heft of the Rooker-Feldman doctrine even in cases claiming a state court judgment was procured by fraud. Yet, Vossbrinck contends that the decisions by this Court were somehow negated by the U.S. Supreme Court decision in Exxon-Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005), and therefore "the question presented regarding the scope of the Rooker-Feldman doctrine is a matter of first impression in the Second Circuit." (Appellant's Brief, pp. 16, 20). To the contrary, the prior decisions remain controlling precedent. In Exxon-Mobil, the Supreme Court determined that under the Rooker-Feldman doctrine, a federal court is not required to dismiss a pending federal action when a final judgment is issued in a parallel state court action concerning the same matter. Exxon Mobil Corp., 544 U.S. at 292. The decision in Exxon-Mobil does not apply here (and Vossbrinck does not

argue to the contrary) where the Judgment of Strict Foreclosure entered before Vossbrinck initiated his new actions, and there were no parallel pending actions.

Further, despite Vossbrinck's flawed premise, courts in this Circuit have applied the Rooker-Feldman doctrine to bar a collateral attack on a final state court judgment after Exxon-Mobil.  For instance, in Swiatkowski v. Citibank, 745 F.Supp.2d at 168, the district court ruled that "Rooker-Feldman bars the claims relating to [allegations of misrepresentation and fraud] because plaintiff seeks to undermine the state court foreclosure judgment."  The Second Circuit affirmed, citing with approval Kropelnicki, and noting that Kropelnicki was "narrowed on other grounds" by the decision in Exxon-Mobil.  See Swiatkowski, 446 Fed. Appx. at 361.   The District Court's legal analysis was correct.

## III.    RELIEF IS FUTILE WHERE VOSSBRINCK FAILED TO CONTEST THE OTHER INDEPENDENT GROUNDS FOR DISMISSAL

Even if Vossbrinck succeeds in convincing this Court on appeal that the District Court erred and the Rooker-Feldman doctrine did not control, Vossbrinck nevertheless loses and is not entitled to reversal and remand because he failed to challenge the District Court's ruling to dismiss on substantive legal grounds the claims asserted in the Combined Complaint.  Any ground not argued on appeal is deemed waived.  See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) (failure to argue issue in the brief considered waived).  Likewise, when a final judgment rests on multiple independent grounds, a failure to press on appeal a

9

basis for reversal on each of them permits and justifies summary affirmance.  See Green v. Mazzucca, 377 F.3d 182, 183 (2d Cir. 2004).  Applying both concepts, this Court should summarily affirm the dismissal order where Vossbrinck never contested the District Court's ruling that the Combined Complaint failed to state a claim for relief as a matter of law under Fed. R. Civ. P. 12(b)(6).

Finally, Vossbrinck also contends in passing that he has been deprived of due process and is entitled to restitution ordered by this Court.  Putting aside that Vossbrinck provides no legal basis for this Court on appeal to grant the ultimate relief denied by various trial courts over the past six years, this Court should refuse even to reach the merits of this vague contention.  Vossbrinck forfeited any constitutional challenge by failing to oppose dismissal in the District Court on such grounds.  "It is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."  Greene v. United States, 13 F.3d 577, 586 (2d Cir. 194).   Notwithstanding the lack of any sufficient constitutional challenge below, Vossbrinck waived any claim for constitutional injury through conclusory assertions devoid of any developed argument.  Norton , 145 F.3d at 114 ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

## CONCLUSION

For the foregoing reasons, Defendant-Appellee Deutsche Bank, as Trustee, respectfully requests this Court to **AFFIRM** the District Court's judgment of dismissal in its entirety.

Respectfully submitted,

**DEUTSCHE BANK NATIONAL TRUST COMPANY, AS INDENTURE TRUSTEE, ON BEHALF OF THE HOLDERS OF THE ACCREDITED MORTGAGE LOAN TRUST 2005-4 ASSET BANKED NOTES**

By its attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II  (Bar No. 47600)
Eckert Seamans Cherin & Mellott, LLC
Two International Place, 16th Floor
Boston, MA 02110
Telephone: (617) 342-6800
Facsimile: (617) 342-6899

Dated: May 30, 2013

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, Peter F. Carr, II, counsel for Defendant-Appellee, hereby certifies pursuant to Fed. R. App. P. 32(a)(7)(C), that the foregoing brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B). The word count function of Microsoft Word, the word processing system used to prepare the brief, indicates that it contains 3,149 words, including those portions of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6). This brief has been prepared in a proportionally spaced typeface using Microsoft Word, as the font used in this brief is 14-point Times New Roman.

/s/ Peter F. Carr, II
Peter F. Carr, II  (ID No. 47600)

Date:  May 30, 2013

12

## <u>CERTIFICATE OF SERVICE</u>

I, Peter F. Carr, II certify that I caused a copy of the within **Brief of Defendant-Appellee** to be served this day via ECF on the following counsel of record in accordance with the instructions of the Service List for this appeal:

> **Robert S. Catz, Esquire**
> **Law Office of Robert S. Catz**
> **#150**
> **15990 South Rancho Resort Boulevard**
> **Sahuarita, AZ 85629**

Dated: May 30, 2013        /s/ Peter F. Carr, II
                                      Peter F. Carr, II

13

# **ADDENDUM**

October 16, 2012 Ruling on
Defendant's Motion to Dismiss ...................................................................Add. 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

KARL PAUL VOSSBRINCK,                          :
        Plaintiff,                              :
v.                                             :          3:11-cv-1312 (WWE)
                                                :
ACCREDITED HOME LENDERS, INC.,                  :
        Defendant.                              :

## <u>RULING ON DEFENDANT'S MOTION TO DISMISS</u>

This action stems from a state court judgment of strict foreclosure issued on

June 21, 2011.  Plaintiff Karl Paul Vossbrinck claims that the foreclosure is void

because defendant Deutsche Bank, as Trustee, failed to establish that it held the note

and the mortgage at the commencement of the state foreclosure proceedings. The

allegations of plaintiff's complaint assert claims of fraudulent misrepresentation, fraud,

negligent misrepresentation, unjust enrichment, violation of the Truth in Lending Act

("TILA"), Real Estate Settlement Procedures Act ("RESPA"), Connecticut Truth in

Lending Act ("CTILA"), and Connecticut Unfair Trade Practices Act ("CUTPA").[1]

Defendant has filed a motion to dismiss, arguing that plaintiff's claims are barred

by the doctrines of res judicata, collateral estoppel and Rooker-Feldman; his RESPA,

TILA, CUTPA and state common law torts claims are time-barred; and he has failed to

state a claim.

### Background

On October 19, 2005, plaintiff executed a promissory note in favor of Accredited

---

[1]Plaintiff's complaint also lists predatory lending as a claim but his complaint fails
to allege such a claim.

Home Lenders, Inc. ("Accredited") in the principal amount of $575,000. As security, he executed a mortgage encumbering the real property at 487 Berkshire Road in Southbury, Connecticut.

In January 2010, Accredited transferred and assigned plaintiff's mortgage loan to Deutsche Bank as Trustee.

In December 2007, Accredited instituted a foreclosure action in Connecticut superior court. On February 10, 2010, Deutsche Bank was substituted as the plaintiff in the foreclosure action.

In his answer and counterclaim, plaintiff asserted special defenses of fraud and violations of RESPA and TILA.

After Connecticut Superior Court granted summary judgment in defendant Deutsche Bank's favor and dismissed the counterclaims, a judgment of strict foreclosure entered.

Plaintiff Vossbrink filed an appeal, which was dismissed.

On January 27, 2012, legal title to the Southbury property vested in Deutsche Bank as Trustee.

On March 12, 2012, Plaintiff Vossbrink moved to set aside the judgment of strict foreclosure, which motion the state court denied.

A motion to dismiss under FRCP 12(b)(1) "challenges the court's statutory or constitutional power to adjudicate the case before it." 2A James W. Moore et. al., Moore's Federal Practice, ¶ 12.07, at 12-49 (2d ed. 1994). Once the question of jurisdiction is raised, the burden of establishing subject matter jurisdiction rests on the

2

party asserting such jurisdiction.  See  Thomson v. Gaskill, 315 U.S. 442, 446, (1942).

**Discussion**

The function of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct.  Ashcroft v. Iqbal, 556 U.S.  662, 129 S. Ct. 1937, 1944 (2009).

Rooker-Feldman

The Rooker-Feldman doctrine bars a plaintiff challenging state court judgments in federal court.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486-87 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).  The Rooker-Feldman doctrine bars federal courts from interfering with state court judgments outside of the habeas corpus context.  For it to apply, (1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment;

and (4) the state-court judgment must have been rendered before the district court proceedings commenced.  McKithen v. Brown, 481 F.3d 89, 97 (2d Cir. 2007). "Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker–Feldman doctrine." Gunn v. Ambac Assur. Corp., 2012 WL 2401649, *12 (S.D.N.Y. 2012).  Even where a plaintiff alleges that a state court judgment was procured by fraud, Rooker-Feldman will divest the federal court of jurisdiction.  Done v. Wells Fargo Bank, N.A., 2009 WL 2959619, *3 n.6 (E.D.N.Y. 2009).  Here, plaintiff's claims challenge a judgment of foreclosure issued by the state superior court.  Thus, the Rooker-Feldman doctrine bars this Court's review of the action.

Collateral Estoppel

Federal courts are required to give a prior state court decision the same preclusive effect under either res judicata or collateral estoppel that courts of that state would give to that decision.  Kremer v. Chemical Constr. Corp., 456 U.S. 461, 466 (1982).  State law determines whether a prior state-court proceeding has any preclusive effect in a subsequent action pending in federal court.  See Fayer v. Middlebury, 258 F.3d 117, 124 (2d Cir. 2001).

Under the doctrine of collateral estoppel, the judgment of a prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action. Parklane Hoisery Co. v. Shore, 439 U.S. 322, 327 n.5 (1979).  A party raising a defense of collateral estoppel must demonstrate that  an issue that is presented in the second case was already fully and fairly litigated.  Jackson v. R.G. Whipple, Inc., 225 Conn.

4

705, 714-15 (1993). The issue must have been necessary to the earlier judgment in the first case. Gladysz v. Planning & Zoning Comm'n, 256 Conn. 249, 261 (2001)

In a mortgage foreclosure action, the foreclosing party must prove that it is the owner of the note and mortgage and that the mortgagor has defaulted on the note. Franklin Credit Management Corp. v. Nicholas, 73 Conn.App. 830, 838 (2002). In this instance, the Connecticut superior court found that Deutsche Bank had sustained its burden of proof and that Vossbrinck could not prevail on his claims of fraud, violation of RESPA and violation of TILA. Accordingly, the claims that Vossbrinck brings to this Court have already been litigated and resolved by the superior court. Plaintiff's action is barred by collateral estoppel.

Statutes of limitations/Repose

Plaintiff's claims are also statutorily time-barred. His claims pursuant to RESPA are barred by the 12 U.S.C. § 2614; plaintiff's TILA claims are barred by 15 U.S.C. § 1635(f) and 1640(e) and Connecticut General Statutes. § 36a-683 ;[2] his claims of misrepresentation and fraud are barred by Connecticut General Statutes § 52-577; and the CUTPA claim is barred by Connecticut General Statutes § 42-110g(f).

Unjust Enrichment

Plaintiff's unjust enrichment claim is dependent upon his allegations of fraud and misrepresentation. Because these claims are time-barred, plaintiff's unjust enrichment claim will also be dismissed.

---

[2]The federal and state TILA statutes are "generally coextensive." See Bank of New York v. Conway, 50 Conn. Supp. 189, 197 (2006).

5

**CONCLUSION**

For the foregoing reasons, the motion to dismiss is GRANTED.

The clerk is instructed to close this case.

Dated at Bridgeport, Connecticut, this 16th day of October, 2012.

_____/S/_____

Warren W. Eginton
Senior United States District Judge

6