# 12-3647

UNITED STATES COURT OF APPEALS
For the Second Circuit
_____

KARL PAUL VOSSBRINCK,
Plaintiff – Appellant
v.
ACCREDITED HOME LENDERS, INC. (Deutsche Bank National Trust Company, as Indenture Trustee, on behalf of the Holder of the Accredited Mortgage Loan Trust Asset Backed Notes, Substituted Plaintiff),

Defendant,

Deutsche Bank National Trust Company, As Indenture
Trustee, on Behalf of the Holders of The Accredited
Mortgage Loan Trust 2005-4 Asset Banked Notes

Consolidated Defendant – Appellee.
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT AT BRIDGEPORT
_____

**RESPONSIVE BRIEF OF PLAINTIFF - APPELLANT
KARL PAUL VOSSBRINCK**

_____

ROBERT S. CATZ
National Foreclosure Defense
Law Project
1600-28th Street, N.W.
Washington, D.C. 20007
(202) 657-4772
robertscatz@gmail.com
Counsel for Plaintiff-Appellant

1

**APPELLANT'S RESPONSE**

When all of the Appellee's is concluded and the transparent attempt to cloud the legal issues involved the Appellee lays his claim upon two salient but incorrect points of law. The first is the misapplication of the Rooker-Feldman doctrine to the Appellant's case and the second in the claim that the Appellant should have appealed other or alternate issues. The Appellee's misguided logic is explained forthwith:

**The District Court Properly Applied the Rooker-Feldman Doctrine to Dismiss the Action.**

The fallacy of the above statement is threefold. The Rooker-Feldman Doctrine was written, and is used, to prevent a disgruntled litigant from using the district court as a quasi-appellate court to re-litigate issues whose results did not please the litigant.

1. The Appellant did not file his claim in district court but rather filed his original complaint of fraud in the State of Connecticut Superior Court. This action was suggested by the Honorable Judge Taylor in his memorandum of decision. The Appellant could not possibly be seeking to use the District Court as a source of appeal because he did not seek redress in the District Court. It was the Appellee who moved the Appellant's case to District Court and then claimed violations of Rooker-Feldman. A patently transparent legal sleight of hand.

2. The Appellant's case and claim of fraud had not previously been heard or litigated because the Appellant did not learn of the fraud committed by the Appellee until after he had already lost title to his home and property.

3. If the issue of fraud had been heard earlier the Honorable Judge Taylor would have indicated such rather than appearing seriously upset upon learning of the fraud upon his court.

The Appellee misapplies Rooker-Feldman and attempts to mislead this court by indicating that fraud is not a grounds for a District Court to hear a case. That is true when fraud was contested in the original state action but has no bearing on a new, separate and independent action such as that brought to State Court by the Appellant.

**Relief is Futile Where Vossbrinck Failed to Contest the Other Independent Grounds for Dismissal.**

The above statement is not only untrue but it is supported by a blatant misleading statement in footnote 4 at the bottom of page six. The Appellee suggests that Vossbrinck's failure to contest the removal of his case to District Court was an error on his part. What counsel for the Appellee failed to mention is that District Judge Eginton ruled in favor if the Appellee immediately, making it patently clear that he had no interest in hearing from the Appellant. To appeal an issue without first asking the

3

presiding court to correct it's error is out of form and incorrect. The appropriate action was to make a Motion in the District Court to have the case returned to the State Court and that is *exactly* what the Appellant did. District Judge Eginton chose to ignore Appellant's motion, as he did with all of the Appellants motions and requests for oral argument. In the absence of a ruling by Judge Eginton there was nothing for the Appellant to appeal. Judge Eginton chose to grant Appellee's dismissal and then, afterward, deny all of the Appellant's motions. The Appellant appealed issues in exactly the appropriate order.

## **SUMMARY**

Accredited Home Lenders and their appointee Deutsche Bank foreclosed upon a property that they did not own and still do not own. Appellee's fraud upon the court and disregard for the principal standing leaves no choice but to declare the Appellants foreclosure null and void.

## **CERTIFICATE OF COMPLIANCE**

I, Robert S. Catz, hereby certify that this response contains 14,000 words or less.

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of all of the foregoing was emailed or filed by CM/ECF to all parties of record as indicated below on this 19th day of June, 2013.

_____/S/_____
ROBERT S. CATZ
Counsel for Plaintiff-Appellant

William P. Breen
Eckert Seamans Cherin & Mellott, LLC.
Two International Place, 16th Floor
Boston, MA 02110
(617) 342-6887
wbreen@eckertseamans.com

Julia Beth Vacek
Eckert Seamans Cherin & Mellott, LLC.
Two International Place, 16th Floor
Boston, MA 02110
(617) 342-6899
jvacek@eckertseamans.com

Geraldine A. Cheverko, Esq.
Eckert Seamans Cherin & Mellott, LLC
10 Bank Street, Suite 700
White Plains, New York 10606
(914) 773-2350
gcheverko@eckertseamans.com

Peter F. Carr, II
Eckert Seamans Cherin & Mellott, LLC
Two International Place, 16th Floor
Boston, MA 02110
(617) 342-6800
pcarr@eckertseamans.com